

NUMBER 13-08-00305-CV

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

THE WCM GROUP, INC.,                                               Appellant,

v.

SHARON BROWN, INDIVIDUALLY, AND
ON BEHALF OF THE ESTATE OF WENDELL
BROWN, DECEASED, AND, AS NEXT FRIEND
OF MINOR CHILDREN, BRANDON MICHAEL
BROWN AND ANDREW CLARK BROWN,                                      Appellees.

### On appeal from the County Court at Law No. 4
### of Nueces County, Texas.

# O P I N I O N

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Opinion by Justice Benavides

This is an appeal from the denial of a motion to dismiss for failure to file a certificate

of merit in a suit against an engineering firm. *See* TEX. CIV. PRAC. & REM. CODE ANN. §

150.002(a), (e) (Vernon 2005) (requiring certificate of merit and allowing interlocutory

appeal from the denial of a motion to dismiss).[1] Appellant, The WCM Group, Inc. ("WCM"), filed a motion to dismiss claims made by appellees, Sharon Brown, individually and on behalf of the Estate of Wendell Brown, deceased, and as next friend of minor children Brandon Michael Brown and Andrew Clark Brown (the "Browns"). WCM argues that the trial court abused its discretion by granting appellees an extension of time to file their certificate of merit and by denying its motion to dismiss. We affirm.

## I. BACKGROUND

On March 4, 2006, while working at a hazardous waste disposal facility, Wendell Brown was exposed to hydrogen sulfide gas, which resulted in his death. Initially, the Browns filed suit against Texas Molecular, the waste disposal facility, and others.[2] In discovery in that case, Texas Molecular produced discovery regarding WCM and its employee, Jack Piskura.

After the litigation against Texas Molecular settled, the Browns sued WCM and others[3] for negligence and gross negligence in providing goods and services to the facility that allegedly allowed the release of the deadly gas. The suit was filed on February 15, 2008, eighteen days before the statute of limitations expired, in the County Court at Law No. 2 of Nueces County.

On March 20, 2008, WCM appeared and moved to dismiss the suit, arguing that it was an engineering firm subject to the certificate of merit requirement in section 150.002

---

[1] This action was commenced on February 15, 2008. The Eighty-First Texas Legislature amended section 150.002, and those amendments took effect on September 1, 2009. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 789, §§ 3-4, TEX. GEN. LAWS 1989-1990 (effective Sept. 1, 2009). The amendments do not apply to this case. *Id.* All citations to the statute in this opinion are to the version in effect prior to the 2009 changes.

[2] *See* Cause No. 06-62557-2, *Brown v. Texas Molecular Ltd. P'ship et. al.*, in the County Court at Law No. 2 of Nueces County, Texas. WCM was not a party to this suit.

[3] The Browns also sued Champion Technologies, Inc., Flo Trend Systems, Inc., Valero Energy Corp., Premcor, Inc., n/k/a Valero Energy Corp., and Citgo Refining and Chemicals, L.P. None of these parties are parties to this interlocutory appeal.

2

of the Texas Civil Practice and Remedies Code. *See id.* § 150.002(a).[4] WCM argued that its role as an engineering firm was limited to assisting Texas Molecular, the hazardous waste facility, in the preparation and filing of necessary permits. Thus, under section 150.002, the Browns were required to file a certificate of merit at the time their original petition was filed. *Id.*

On March 28, 2008, the Browns sent a letter to WCM's counsel stating:

> The failure to produce an affidavit from a professional engineer was an oversight by me because it didn't register at the time of filing that Mr. Piskura was a P.E. In their responses to discovery in the earlier matter, the Texas Molecular entities did not identify Piskura as a professional engineer. . . .

> I am in the process of procuring an affidavit to comply with your client's request and the statute; however, the spouse of the gentleman with whom I am working is very sick and has undergone multiple surgeries in the past week.

> Please accept this letter as my request for your client to not expend any time or costs defending this matter until 31-days after a compliant affidavit from a P.E. is provided to you. . . .

On April 7, 2008, the Browns filed a motion for extension of time to file a certificate of merit. The Browns argued that their original petition was filed shortly before the expiration of the statute of limitations. They further claimed that they were not informed by the Texas Molecular defendants in the prior litigation that Jack Piskura was a professional engineer and that WCM was a professional engineering firm. The Browns

---

[4] At the time, section 150.002(a) provided:

In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (Vernon 2005).

attached the letter sent on March 28, 2008, informing WCM that their retained expert had a sick wife and could not timely provide the certificate of merit.

The Browns argued that good cause existed to extend the deadline to file a certificate of merit. *Id.* § 150.002(b).[5] Specifically, they pointed out that (1) Piskura had not been identified as a professional engineer prior to WCM's joinder in the matter, (2) the suit was filed only a few days before limitations would expire, (3) the Browns explained to WCM the problems they had with their retained expert and requested that WCM not expend any time or costs until after the certificate of merit could be filed, and (4) the Browns were seeking leave to file an amended petition that included the required certificate of merit. The same day, April 7, 2008, the Browns filed an amended petition attaching a certificate of merit from Donald J. Schaezler, Ph.D., P.E., CIH.

As further support, the Browns submitted discovery responses from Texas Molecular served on November 6, 2007, during the prior litigation, that described Piskura as

> an employee of WCM Group with knowledge of the facility at issue, its history, its applicable permits and permit changes, applicable regulations and statutes and operating requirements including permitted operations and the propriety of the permitted operations, what operations are permitted at the facility at issue, characterization and use of equipment at the facility and history of any regulatory dealings pertaining to the same.

On April 14, 2008, WCM filed a response to the Browns' motion for an extension of

---

[5] Section 150.002(b) provided for an extension under certain circumstances:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, registered professional land surveyor, or professional engineer could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

*Id.* § 150.002(b).

time. WCM argued that although section 150.002(b) allows for a thirty-day extension to file a certificate of merit if the suit is filed within ten days of the expiration of limitations, the Browns could not claim the benefit of this provision because their suit was filed eighteen days before the limitations period expired. Alternatively, WCM argued that any extension that could be granted by the trial court must be limited to thirty days after the filing of the original petition. Because the Browns filed their certificate of merit on April 7, 2008, the extension could not provide any relief.

In response to the "good cause" argument, WCM argued that a "good cause" extension can only be granted when the petition is filed within ten days of the expiration of limitations. Furthermore, the Browns did not request an extension and have the request resolved within thirty days after the filing of the petition. Finally, the Browns were aware of WCM's identity as early as February 2007.

For support, WCM attached several documents. First, it attached a copy of its website, apparently printed in April 2008, which stated that WCM provides "professional environmental/engineering services." Second, WCM attached an affidavit from William McNutt, who stated that he is the president of WCM. He testified that WCM is an engineering firm and that its status as such has been advertised to the public. Specifically, McNutt testified that on March 4, 2006, when Wendell Brown died, the website advertised that WCM was an engineering firm in the same format as the example provided.

Third, WCM attached discovery responses from Texas Molecular in the prior litigation that were served on Brown's counsel on January 31, 2007. In the responses, Texas Molecular provided a waste analysis plan prepared by WCM for Disposal Systems of Corpus Christi, Inc. Additionally, the responses included two letters signed by Jack R. Piskura, "P.E.," on WCM letterhead. The first letter stated that Piskura had certified, as a

5

professional engineer, a plan for the facility. The second letter did not reference Piskura's status as a professional engineer, except that it was signed as Jack R. Piskura, P.E. Additionally, certification of the plan was signed by Piskura as a "registered professional engineer."

Fourth, WCM referred the trial court to its discovery responses designating Jack Piskura as an expert witness, which the Browns attached to their motion for extension of time. Finally, WCM attached an affidavit from its lawyer, John Abbey, verifying that the discovery responses were true and correct copies and the date the responses were served.

Based on all this information, WCM asserted that there was no "good cause" to extend the deadline to file a certificate of merit because the Browns had been aware of WCM's identity as an engineering firm and its role in assisting Texas Molecular for over a year before the statute of limitations expired.

On April 15, 2008, the Browns filed a response to WCM's motion to dismiss. In it, the Browns explained that they had hired Schaezler as their expert to evaluate the conduct of WCM and Piskura. After receiving WCM's motion to dismiss, the Browns' counsel immediately contacted Schaezler to draft a certificate of merit to memorialize some of his findings. Schaezler's wife, however, was very sick and had undergone multiple surgeries. The Browns alleged that on April 7, 2008, when they received the certificate of merit from Schaezler, they immediately filed it, and the Browns' counsel wrote to WCM offering to pay for the expenses and costs in preparing the motion to dismiss and answer. The Browns attached an affidavit from their counsel supporting these factual assertions.

On April 15, 2008, the parties appeared before the Honorable Judge Lisa Gonzales, presiding judge of the County Court at Law No. 2 of Nueces County, for a hearing on the Browns' motion for leave to file their amended petition, WCM's motion to dismiss, and the

6

Browns' motion for extension of time. At the hearing, the Browns' counsel informed Judge Gonzales that one of the defendants, Flo Trend, filed a third-party action against the estate of Joel Camponovo, another man who was injured at the same time as Brown.[6] Camponovo's estate was represented by the Watts Law Firm. The Browns' counsel informed Judge Gonzales of this fact because she is married to a partner in the Watts Law Firm. Judge Gonzales stated that she typically transfers cases involving the Watts Law Firm for this reason.

Counsel for WCM suggested that Judge Gonzales confer with the administrative presiding judge, Judge Vargas, to see if Judge Vargas would hear the case or reset it. Judge Gonzales noted that Camponovo's suit against WCM was already pending in County Court at Law No. 4, presided over by the Honorable Judge James E. Klager, and that Judge Klager should hear WCM's motion to dismiss. Judge Gonzales then went to discuss the problem with Judge Vargas, and the hearing terminated in her court. Later that day, Judge Klager heard WCM's motion to dismiss and the Browns' motion for extension of time.

On May 1, 2008, Judge Gonzales signed a formal order transferring the case to Judge Klager's court. On May 13, 2008, Judge Klager granted the Browns' motion for extension of time, holding that the Browns showed good cause for their failure to initially file a certificate of merit, that justice required an extension of time to allow presentation of the merits of the case, and that WCM was not prejudiced by the late filing. Judge Klager granted an extension until April 7, 2008. Judge Klager issued a separate order denying

---

[6] Camponovo also sued WCM in County Court at Law No. 4 of Nueces County. WCM filed a motion to dismiss on essentially the same grounds raised in this appeal. WCM appealed the County Court at Law No. 4's order denying its motion to dismiss, and we dispose of that appeal today in a separate opinion. *See WCM Group, Inc. v. Camponovo*, No. 13-08-00306-CV, 2009 Tex. App. LEXIS _____ (Tex. App.–Corpus Christi Nov. ___, 2009, no pet. h.).

WCM's motion to dismiss on May 13, 2008.

On May 19, 2008, WCM filed a notice of interlocutory appeal. The proceedings below, however, were not stayed. On May 21, 2008, Flo Trend nonsuited its third-party action against Camponovo, removing the impediment to Judge Gonzales's consideration of the action. On June 2, 2008, another defendant, Valero Energy Corporation, filed a motion to transfer the case back to Judge Gonzales. Judge Gonzales heard that motion on July 11, 2008, and she signed an order transferring the case back to her court that day.

On September 16, 2008, the parties appeared before Judge Gonzales for a hearing on WCM's motion to reconsider and to vacate Judge Klager's order denying its motion to dismiss for failure to comply with the certificate of merit requirement and its motion to stay the proceedings pending appeal.[7] At the hearing, Judge Gonzales noted the procedural history and that after Judge Klager ruled on WCM's motion to dismiss, the case was transferred back to her court. Judge Gonzales opined that because different county courts can sit for each other, she would recognize Judge Klager's order and stated that "his ruling stands." Judge Gonzales then denied WCM's motion to reconsider.[8]

## II. DISCUSSION

### A. Jurisdiction

In its opening brief, WCM argued that Judge Klager did not have jurisdiction at the time he denied WCM's motion to dismiss because Judge Gonzales failed to comply with the local rules when she initially transferred the case. *See* NUECES COUNTY LOC. R. OF

---

[7] The motion does not appear in the clerk's record.

[8] WCM requested a stay from the trial court pending the appeal. The trial court denied the motion. On October 1, 2008, this Court granted a stay of all trial court proceedings. On October 3, 2008, we reconsidered that order and stayed all discovery and proceedings against WCM, but we lifted the stay as to all other parties to the proceeding below.

ADMIN. R. 3. Nueces County Local Rule of Administration 3(A) provides for the transfer of cases within the courts:

> Whenever any pending case is related to another case pending, dismissed, non-suited, or disposed of by another Court the Judge of either Court, acting as judge of either Court, shall, upon motion (including the Court's own motion) and notice, transfer the case to the Court in which the earlier case was filed to facilitate the orderly and efficient disposition of the litigation.

*Id.* R. 3(A). WCM complained that Judge Gonzales failed to comply with this rule by transferring based on her purported recusal, which is not a ground to transfer under the local rules. Moreover, WCM argued that Judge Gonzales had transferred the case back to herself after the appeal was filed.

After the Browns filed their appellees' brief, WCM filed its reply brief on October 3, 2008. In its reply brief, WCM withdrew its jurisdictional challenge. However, on October 21, 2008, WCM's co-defendants in the trial court and others[9] filed a brief as amicus curiae, requesting that the Court address the jurisdictional issue.

The amicus curiae argue that the Court should consider the jurisdictional issue because it affects WCM's co-defendants. They assert that the trial court's transfer was improper for three reasons. First, Judge Gonzales transferred the case without any prior notice. Second, the Browns filed their suit in Judge Gonzales's court before the Camponovos filed their suit in Judge Klager's court. Thus, Judge Gonzales failed to comply with rule 3(A) because she did not transfer to the court in which "the earlier case was filed . . . ." *Id.* Third, the Browns' claims and the Camponovos' claims are not actually and sufficiently related. The amicus curiae argue that in the absence of a proper transfer,

---

[9] The amicus curiae include Citgo Refining and Chemicals Company, L.P.; Flo Trend Systems, Inc.; Texas Molecular Limited Partnership; Texas Molecular Management, LLC; TM Deer Park Services Management, LLC; TM Deer Park Services, LP; Valero Energy Corporation; and Champion Technologies, Inc.

Judge Klager lacked jurisdiction to rule on WCM's motion to dismiss, and his order denying the motion was void.

Citing our decision in *In re Shoreline Gas, Inc.*, the amicus curiae argue that where the trial court lacks jurisdiction because it received the case by means of an improper transfer from another court that did have jurisdiction, then the appellate court only has jurisdiction to set the judgment aside, dismiss the appeal, and return the case to the original court. *See* Nos. 13-06-001-CV & 13-06-018-CV, 2006 WL 2371472, at *6 (Tex. App.–Corpus Christi Aug. 17, 2006, orig. proceeding [no pet.]) (mem. op.). While the amicus curiae may be correct that Judge Gonzales improperly transferred the case to Judge Klager initially, an issue we need not and do not decide, she subsequently transferred the case back to herself, as requested by the defendants below. Thereafter, Judge Gonzales denied WCM's motion to reconsider and to vacate Judge Klager's order denying WCM's motion to dismiss. Judge Gonzales expressly adopted Judge Klager's ruling as her own.

> Texas Rule of Appellate Procedure 27.3 governs the situation before us:
>
> After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.

TEX. R. APP. P. 27.3. Under Texas Rule of Appellate Procedure 27.3, we treat this appeal as being from Judge Gonzales's ruling on September 16, 2008, denying WCM's motion to reconsider Judge Klager's order and adopting Judge Klager's ruling denying WCM's

motion to dismiss. *Id.* Accordingly, we have jurisdiction and will address WCM's arguments.

**B.    Compliance with section 150.002**

WCM argues on appeal that the Browns failed to comply with section 150.002 by failing to file a certificate of merit contemporaneously with their suit. WCM argues that the Browns were not entitled to an extension of time under section 150.002(b) because their suit was not filed within ten days of the expiration of the limitations period. Alternatively, it argues that the Browns failed to show good cause as a matter of law because the Browns were aware of WCM's identity as a professional engineering firm over a year before the statute of limitations expired. Thus, it argues that the trial court abused its discretion by granting an extension and by denying its motion to dismiss. We disagree.

**1.    Standard of Review**

We review a trial court's decision to grant or deny a defendant's motion to dismiss under section 150.002 of the Texas Civil Practice and Remedies Code for abuse of discretion. *See Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.–Corpus Christi 2009, no pet.). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without considering guiding principles. *Whirlpool Corp. v. Comancho*, 251 S.W.3d 88, 102 (Tex. App.–Corpus Christi 2008, pet. granted). "A trial court has no discretion in determining what the law is or applying the law to the facts." *Landreth*, 285 S.W.3d at 496. A trial court does not abuse its discretion when it bases a decision on conflicting evidence—rather, a factual decision is an abuse of discretion only if there is no evidence to support the decision. *Whirlpool*, 251 S.W.3d at 102. "Merely because a trial court may decide a matter within its discretion in a different manner than

11

an appellate court does not demonstrate an abuse of discretion." *Landreth*, 285 S.W.3d at 496.

Statutory construction, however, is a question of law we review de novo. *Id.* Once we determine the statute's proper construction, we must then decide whether the trial court abused its discretion in applying the statute. *Id.*

### 2. Section 150.002(b)'s Extension Provisions

The applicable version of section 150.002 provides as follows:

(a)  In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

(b)  The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, registered professional land surveyor, or professional engineer could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(c)  The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(d)  The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice. . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)-(d).

12

It is undisputed that the Browns did not file a certificate of merit when they filed their original petition. It is further undisputed that the Browns' original petition was filed more than ten days before the expiration of the limitations period. WCM argues, therefore, that subsection (b)'s extension provision does not apply.

The statute's plain language provides for an automatic extension of thirty days if the suit is filed within ten days of the expiration of the limitations period. *Id.* § 150.002(b). No motion or hearing is required to invoke this extension. *Id.* We agree that the Browns were not entitled to the automatic thirty-day extension. *Id.*

However, a second exception exists upon a showing that there was "good cause" for the delay. *Id.* Although it is not entirely clear from WCM's brief, it appears that WCM contends that in the absence of an automatic, limitations-type extension, a further extension for "good cause" cannot be granted. We note that WCM's brief does not contain any authority for this proposition, *see* TEX. R. APP. P. 38.1(i), and moreover, we disagree with this interpretation of the statute.

We construe statutes according to their plain language. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625-26 (Tex. 2008). There is nothing in subsection (b) that indicates that the "good cause" extension applies only when the limitations-type extension applies. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b). For example, had the legislature intended to tie the good cause extension to the limitations-type extension, it could have done so by stating that the court may grant a *further* extension upon a showing of good cause. Moreover, subsection (b) provides that the good cause extension should be granted upon a showing of good cause and that *justice* requires the extension. *Id.* We will not rewrite the statute in the manner suggested by WCM to limit the good cause extension to

13

situations where the party files suit within ten days of the expiration of limitations, particularly given that the purpose of the statute is to provide a basis for the trial court to conclude that the plaintiff's claims have merit, not to dismiss meritorious claims on a procedural technicality. *See Criterium-Farrell Eng. v. Owens*, 248 S.W.3d 395, 399 (Tex. App.–Beaumont 2008, no pet.) ("[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit."). Thus, the trial court was within its power, as provided by the statute, to consider and grant the Browns' request for an extension of time upon a showing that good cause existed and justice required an extension.

In a related opinion also issued today, we addressed WCM's arguments that if the good cause extension applied, good cause was negated as a matter of law. *See WCM Group, Inc. v. Camponovo*, 13-08-306-CV, 2009 Tex. App. LEXIS _____, at *____ (Tex. App.–Corpus Christi Nov. ___, 2009, no pet. h.). As in *Camponovo*, WCM argues that there is no possible "good cause" for an extension because the Browns were aware of WCM's identity and role in the incident over a year prior to the suit. *Id.* For the reasons we relied upon in *Camponovo*, we disagree that the discovery was so clear that it required a finding that, as a matter of law, the Browns were aware that WCM was an engineering firm but nevertheless delayed obtaining a certificate of merit. *Id.* But even if we agreed with WCM on this point, there is still evidence to support the trial court's finding of good cause. The Browns retained an expert, but that expert suffered from family problems that prevented him from timely signing his report. WCM does not challenge this argument in any form or fashion, and we believe it constitutes good cause under any standard.

Furthermore, the delay in this case was minimal—the Browns sent WCM a letter

14

eight days after receiving the motion to dismiss, notifying WCM that their expert had a family emergency. The Browns specifically requested WCM to forego any other action in the case until a proper certificate could be filed, and the Browns ultimately offered to pay WCM's expenses. The Browns filed a certificate of merit less than two months after filing their suit, which was a little over two weeks after being notified of the defect. WCM has not suffered or alleged any prejudice from this minimal delay, which we think was entirely reasonable in light of the explanation provided, and an extension for this minimal time period served the interests of justice. Accordingly, we overrule WCM's issue.[10]

## III. CONCLUSION

We affirm the trial court's order granting an extension of time to file a certificate of merit and denying WCM's motion to dismiss. On October 3, 2008, we partially stayed the proceedings below. Accordingly, we lift the stay.

_____
GINA M. BENAVIDES,
Justice

Opinion delivered and filed this
the 19th day of November, 2009.

---

[10] The Browns further argue that the trial court was permitted to extend the deadline to file the certificate of merit under Texas Rule of Civil Procedure 5 and that holding that a "good cause" extension was unavailable would violate due process. Because of our disposition, we do not reach these arguments.

15