Clay S. Conrad & Paul C. Looney, Houston, for Appellant.

Ross Macha, Asst. D.A., Hempstead, Lisa C. McMinn, State's Attorney, Austin, for State.

### *OPINION*

PER CURIAM.

Appellant was convicted of possession of marijuana and sentenced to 3 days confinement. On appeal, Appellant claimed that the trial court erred in denying his motion to suppress because there was no reasonable suspicion to stop the vehicle in which he was traveling. The Court of Appeals reversed, holding that there were no specific, articulable facts in the record that would support reasonable suspicion for the traffic stop. The court of appeals noted that the existence of reasonable suspicion during a traffic stop is a mixed question of law and fact. The only evidence admitted during the suppression hearing was the arresting officer's offense report. Because no witnesses testified, the court of appeals reviewed de novo the question of whether reasonable suspicion existed. *Delafuente v. State*, 367 S.W.3d 731 (Tex.App.-Houston [14th Dist.] 2012). The State Prose-

cuting Attorney petitioned this Court for discretionary review.

When the Court of Appeals issued its opinion in this case, it did so without the benefit of this Court's opinion in *State v. Mendoza*, 365 S.W.3d 666 (Tex.Crim.App. 2012). Therefore, we vacate the judgment of the Court of Appeals and remand for that court to consider the effect of *Mendoza*, if any, on its reasoning and analysis in this case.

**PAKAL ENTERPRISES, INC. and Rene Dominguez, Appellants,**

v.

**LESAK ENTERPRISES LLC d/b/a Pro Surv and Toby P. Couchman, Appellees.**

No. 01–09–01038–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 2011.

Rehearing Overruled July 14, 2011.

Christopher D. Nunnallee, Law of Offices of Christopher Nunnallee, Jeffrey James Tompkins, Law Offices of Jeffrey J. Tompkins, Houston, TX, for Appellants.

Debra Ibarra Mayfield, Nathan Montgomery Rymer, Rymer, Moore, Jackson & Echols, P.C., Houston, TX, for Appellees.

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

## OPINION

EVELYN V. KEYES, Justice.

Appellants, Pakal Enterprises, Inc. ("Pakal") and Rene Dominguez, appeal the trial court's dismissal of their suit against appellees, Lesak Enterprises LLC d/b/a Pro Surv and Toby P. Couchman (collectively, "Lesak"), for failure to comply with Chapter 150 of the Texas Civil Practice and Remedies Code. In three issues, Pakal and Dominguez argue that the trial court erred in (1) determining that their original petition was filed on March 6, 2009 and that they were not entitled to the 30–day extension of the deadline provided for by section 150.002(b); (2) determining that Pakal and Dominguez were not entitled to an extension for "good cause" under section 150.002(b); and (3) dismissing their

claims against Lesak because a certificate of merit was included with the only petition that they served on Lesak.

We affirm.

## Background

Dominguez, the owner of property at 1001 Herkimer Street in Harris County, hired Pakal as a contractor to complete improvements to the property. In the process of carrying out the improvements, Pakal and Dominguez contracted with Lesak, doing business as Pro Surv, and its employee, Couchman, for a survey.

The survey furnished by Lesak and Couchman, dated February 20, 2007, was allegedly inaccurate, as discovered upon the completion of a second survey, dated June 20, 2007. The inaccurate February 20, 2007 survey allegedly caused expense to Pakal and Dominguez when corrections to the construction became necessary.

On March 6, 2009, Pakal and Dominguez (collectively, "Pakal") filed their original petition asserting claims for negligence, negligent misrepresentation, various violations of the DTPA, and breach of contract. This petition named "Pro–Surv, Inc. dba Pro–Surv Surveying Company" and Couchman as defendants and stated that "Pro–Surv Inc." was "not in good standing with the Texas Secretary of State's Office." Lesak Enterprises was not named in the original petition, and the original petition was never served on either Pro–Surv Inc. or on Lesak. Couchman was served on March 11, 2009.

By a letter dated April 24, 2009, the attorney for Lesak and Couchman contacted counsel for Pakal and stated in his letter, "Please allow this correspondence to confirm our conversation regarding the above-referenced matter. I will be representing Defendants Lesak Enterprises, L.C. d/b/a Pro–Surv (incorrectly named Pro–Surv, Inc. d/b/a Pro Surv Surveying Company) and Toby P. Couchman." The letter also discussed the parties' agreement to extend various discovery deadlines.

On June 1, 2009, Pakal amended its petition, naming "Lesak Enterprises, LLC dba Pro–Surv" instead of "Pro–Surv, Inc. dba Pro–Surv Surveying Company" as a defendant. This petition asserted for the first time that Pakal "did not obtain an affidavit from a professional surveyor for the purposes of supporting the acts of negligence alleged herein because the applicable statute of limitation may expire within ten days of the filing of this petition." Again, this amended petition was not served on Lesak.

On June 3, 2009, Lesak and Couchman filed a motion to dismiss for failure to file a certificate of merit. On June 19, 2009, Pakal amended its petition again and, for the first time, included a certificate of merit. On August 21, 2009, the trial court conducted a hearing on Lesak and Couchman's motion to dismiss, and Pakal moved to extend the deadline to file the certificate of merit. On August 27, 2009, Lesak was served with a petition—Pakal's second amended petition—for the first time.

On September 2, 2009, the trial court granted Lesak and Couchman's motion to dismiss without ruling on Pakal's motion to extend time to file a certificate of merit, and it dismissed all of Pakal's claims without prejudice. Pakal filed a motion to reconsider and a motion for new trial, both of which the trial court denied. This appeal followed.

## Dismissal Under Chapter 150 of the Civil Practice and Remedies Code

In three issues, Pakal argues that the trial court erred in dismissing the case

against Lesak.[1]

## A. Standard of Review

Pakal argues that we should review the trial court's ruling on the motion to dismiss de novo. However, the standard for conducting such a review has already been established by this Court. We review a trial court's ruling on a motion to dismiss for failure to file a certificate of merit under an abuse of discretion standard. *Curtis & Windham Architects, Inc. v. Williams,* 315 S.W.3d 102, 106 (Tex.App.-Houston [1st Dist.] 2010, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Id.* A trial court does not abuse its discretion merely because it decides a discretionary matter differently than this Court would in a similar circumstance, and we may not substitute our own judgment for that of the trial court. *Id.* However, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* (quoting *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)).

To the extent our review requires us to construe statutory language, we review such construction de novo. *Id.* (citing *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003)). In construing statutes, our primary goal is to determine and give effect to the legislature's intent, and we begin with the plain language of the statute and apply its common meaning. *Id.* Where the statutory text is unambiguous, we adopt a construction supported by the statute's plain language, unless that construction would lead to an absurd result. *Id.* (citing *Fleming Foods of Tex., Inc. v. Rylander,* 6 S.W.3d 278, 284 (Tex. 1999)).

## B. Analysis

The applicable version[2] of section 150.002 of the Civil Practice and Remedies Code provides:

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional,[3] the plaintiff shall be required to file with the complaint an affidavit of a third-party registered architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or registered architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

---

1. We note that Pakal does not challenge on appeal the trial court's dismissal of Couchman. Therefore, we only address the trial court's ruling as it relates to Lesak.

2. The Legislature amended section 150.002, effective for cases filed or commenced on or after September 1, 2009. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 789, §§ 3–4, 2009 Tex. Gen. Laws 1989–90 (effective Sept. 1, 2009). Because this suit was filed or commenced on March 6, 2009, these amendments to not apply to this case, and all citations in this opinion are to the version of section

150.002 in effect prior to the 2009 amendments.

3. A "design professional" was defined to also include "any firm in which such licensed professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity." Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009).

(b) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party registered architect, registered professional land surveyor, or professional engineer could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(c) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

*See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) and Act of May 27, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws 348, 350 (amended 2009) (hereinafter "Former TEX. CIV. PRAC. & REM.CODE ANN. § 150.002") (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a)-(e) (Vernon Supp.2010)).

Thus, section 150.002 requires a plaintiff to file a certificate of merit with the first-filed complaint asserting a negligence claim against a professional. *Sharp Eng'g v. Luis,* 321 S.W.3d 748, 752 (Tex.App.-Houston [14th Dist.] 2010, no pet.); *see also Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.,* No. 01-09-00855-CV, 2010 WL 376076, at *1, *3 (Tex.App.-Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) (holding that plaintiff failed to timely file certificate of merit when it did not file

certificate with its first petition alleging causes of action against engineering firm), *op. supplemented,* No. 01-09-00855-CV, 2010 WL 1509287 (Tex.App.-Houston [1st Dist.] April 15, 2010, no pet.). Section 150.002(d) requires dismissal of the complaint against the defendant if the plaintiff fails to file a certificate of merit in accordance with subsection (a) or (b) and allows the trial court to dismiss with or without prejudice. *Sharp Eng'g,* 321 S.W.3d at 752 (citing Former TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(d)).

In its first issue, Pakal asserts numerous arguments in support of its contention that the trial erred in dismissing its claims against Lesak. First, it argues that it did not file suit against Lesak until June 1, 2009—the date it filed its first amended petition changing the named defendant from "Pro–Surv, Inc. dba Pro–Surv Surveying Company" to "Lesak Enterprises, LLC dba Pro–Surv." Lesak, however, argues that Pakal's first petition alleging causes of action for damages arising out of professional services by a licensed or registered professional was the original petition, filed March 6, 2009. We agree with Lesak.

The original petition, filed March 6, 2009, was a suit filed against professional land surveyor Couchman and the company for which he worked, identified in the petition as "Pro–Surv," the name under which Lesak had been doing business. *See* TEX.R. CIV. P. 28 (providing that "[a]ny partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted."). It alleged causes of action for damages arising out of Couchman and Le-

sak's provision of services as registered professional land surveyors, including allegations that Couchman's inaccurate survey formed the basis of causes of action for negligence, negligent misrepresentation, violations of the DTPA, and breach of contract. Pakal failed to file a certificate of merit when it filed this petition. Thus, the trial court did not abuse its discretion in determining that Pakal failed to file the certificate of merit in accordance with section 150.002(a). *See* Former Tex. Civ. Prac. & Rem.Code Ann. § 150.002(d); *Sharp Eng'g,* 321 S.W.3d at 751; *Ashkar Eng'g Corp.,* 2010 WL 376076, at *3.

■ Pakal also argues that it was entitled to section 150.002(b)'s exception to contemporaneous filing, applicable when a complaint is filed within ten days of the expiration of the limitation period, and that its certificate of merit was therefore timely filed. However, Pakal was not entitled to the 30–day extension under section 150.002(b), because the limitations period did not expire within ten days of the date it filed its petition. *See* Former Tex. Civ. Prac. & Rem.Code Ann. § 150.002(b). As we have already determined, Pakal filed its suit on March 6, 2009. Assuming, without deciding, that the limitations period on its claims expired on June 11, 2009, as it argues in its appellate brief, the petition was filed more than ten days before the limitations period expired. *See id.* We also note that, even if Pakal had been entitled to the 30–day extension, it did not file a certificate of merit until June 19, 2009, or 95 days after it filed its original petition. *See Ashkar Eng'g Corp.,* 2010 WL 376076, at *3. Therefore, the trial court did not abuse its discretion in determining that Pakal failed to file the certificate of merit in accordance with section 150.002(b). *See* Former Tex. Civ. Prac. & Rem.Code Ann. § 150.002(d); *Ashkar Eng'g Corp.,* 2010 WL 376076, at *3. Be-

cause we have determined that Pakal failed to file a certificate of merit in compliance with either subsection (a) or (b), we conclude that the trial court did not abuse its discretion in dismissing the claims against Lesak. *See* Former Tex. Civ. Prac. & Rem.Code Ann. § 150.002(d) (requiring dismissal of claims against defendant when plaintiff fails to file certificate of merit in compliance with subsection (a) or (b)).

Also in its first issue, Pakal argues that, to the extent it did so, the trial court erred in applying the "relation-back" doctrine to conclude that the first amended petition was filed on the date of the original complaint. Pakal also argues that the trial court incorrectly applied the law of misnomer and the relation-back doctrine in determining the applicability of section 150.002(b)'s extension provision and that the trial court "should not have treated the first amended complaint as filed on March 6, 2009 ... because [Dominguez and Pakal] never *served* Pro–Surv, Inc. with the original complaint," and thus, "the trial court never had jurisdiction over Pro–Surv, Inc." However, the record does not reflect what legal theory the trial court relied on in deciding to grant Lesak and Couchman's motion to dismiss, and analysis of the law of misnomer or the relation-back doctrine was not necessary to reach our determination that the trial court did not err in dismissing the claims against Lesak. Therefore, we do not address these arguments.

We overrule Pakal's first issue.

■ In its second issue, Pakal argues, alternatively, that even if the 30–day extension provision of section 150.002(b) did not apply to this case, it was entitled to an extension "because good cause exists and justice required an extension of the deadline for filing a certificate of merit on or before June 19, 2009." It argues that the language in section 150.002(b) providing

that "[t]he trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires" creates an additional "good faith" exception to the contemporaneous filing requirement, and it cites two opinions from the Corpus Christi Court of Appeals to support that argument. *See WCM Group, Inc. v. Camponovo*, 305 S.W.3d 214 (Tex. App.-Corpus Christi 2009, pet. dism'd); *WCM Group, Inc. v. Brown*, 305 S.W.3d 222 (Tex.App.-Corpus Christi 2009, pet. dism'd).

Without determining whether we agree with the Corpus Christi Court of Appeals's analysis of section 150.002(b), we conclude that the trial court did not abuse its discretion on this ground either. First, the language of the statute is permissive—"[t]he trial court *may*, on motion, after hearing and for good cause, extend such time as it shall determine justice requires." *See* Former TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(b) (emphasis added); *Williams*, 315 S.W.3d at 106 (holding that we adopt construction supported by statute's plain language, unless that construction would lead to absurd result). Furthermore, Pakal did not move the court to consider granting an extension "for good cause" until the date of the hearing on Lesak's motion to dismiss, and the record does not reflect that a hearing on the matter of Pakal's good cause was conducted. *See Ashkar Eng'g Corp.*, 2010 WL 376076, at *3 ("Nothing in Section 150.002 allows a plaintiff to cure a failure to timely comply.") (citing *Landreth v. Las Brisas Council of Co–Owners, Inc.*, 285 S.W.3d 492, 500 (Tex.App.-Corpus Christi 2009, no pet.) (refusing to consider attempts to cure defective certificate of merit)). Finally, this case is factually distinguishable from both *Camponovo* and *Brown.*

In *Camponovo*, the court of appeals affirmed the trial court's denial of the defen-

dant's motion to dismiss under chapter 150. 305 S.W.3d at 216. It was undisputed that the plaintiffs' suit was filed less than ten days before the statute of limitations would expire, and the plaintiffs also presented arguments and substantial supporting evidence that they were unaware that the defendant was an engineering firm until the firm filed its motion to dismiss. *Id.* at 216–17. The plaintiffs requested that the trial court apply the 30–day exception for suits filed within ten days of the date the limitations period would expire, and it also promptly requested a hearing for the trial court to consider whether to further extend the deadline for "good cause." *Id.* at 216. The court of appeals considered what constituted "good cause" under section 150.002(b) and determined that the trial court did not abuse its discretion in granting the extension and denying the defendant's motion to dismiss. *Id.* at 220–21.

In *Brown*, the court of appeals determined that although the plaintiffs failed to file a certificate of merit with their original petition and the original petition was filed more than ten days before the expiration of the limitations period, the trial court still did not abuse its discretion in granting an extension for "good cause" under section 150.002(b). 305 S.W.3d at 230. The *Brown* court again relied on the fact that the plaintiffs were unaware that the defendants were an engineering firm at the time they filed their original petition. *Id.* The court also considered the fact that the plaintiffs' retained expert experienced family problems that prevented him from timely signing his report. *Id.* at 230–31.

Here, however, Pakal's petition was not filed within ten days of the expiration of the limitations period, and Pakal did not timely move for or request a hearing on its motion for extension of time for filing the certificate of merit. Thus, Pakal never

properly invoked the exception in section 150.002(b). Nor would the 30–day exception under section 150.002(b) have authorized Pakal's filing its certificate of merit 95 days after the date it filed its original petition. Furthermore, Pakal does not argue, as the plaintiffs in both *Camponovo* and *Brown* did, that it was unaware or uninformed that the parties it sued were licensed or registered professionals within the purview of section 150.002, and Pakal's pleadings indicate that it was aware that Couchman was a registered land surveyor and that "Pro–Surv" was the land surveying company that employed him.[4]

We overrule Pakal's second issue.

In its third issue, Pakal argues that the trial court erred in granting the motion to dismiss Lesak because the certificate of merit was attached contemporaneously to the only complaint served on Lesak. However, the statute does not make any requirements regarding what is served on a particular party. The defendant's right to a dismissal is triggered by the plaintiff's failure to file with the trial court a certificate of merit contemporaneously with the complaint or petition. *See* Former Tex. Civ. Prac. & Rem.Code Ann. § 150.002(d) ("The plaintiff's failure to *file* the affidavit in accordance with Subsection (a) or (b) *shall result* in the dismissal of the complaint against the defendant.") (emphasis added); *see also Williams*, 315 S.W.3d at 106 (holding that we adopt construction supported by statute's plain language, unless that construction would lead to absurd result). As we have already discussed,

Pakal failed to file its affidavit or certificate of merit in accordance with section 150.002(a) or (b), and the trial court did not abuse its discretion in dismissing its suit.

We overrule Pakal's third issue.

### Conclusion

We affirm the judgment of the trial court.

---

**4.** We also note that appellate courts review a trial court's ruling on a motion to dismiss for failure to file a certificate of merit under an abuse of discretion standard. *Curtis & Windham Architects, Inc. v. Williams*, 315 S.W.3d 102, 106 (Tex.App.-Houston [1st Dist.] 2010, no pet.). In both *Brown* and *Camponovo*, the Corpus Christi Court of Appeals affirmed the trial court's denial of a motion to dismiss. *See WCM Group, Inc. v. Camponovo*, 305 S.W.3d 214, 216 (Tex.App.-Corpus Christi 2009, pet. dism'd); *WCM Group, Inc. v. Brown*, 305 S.W.3d 222, 230 (Tex.App.-Corpus Christi 2009, pet. dism'd). Here, we are being asked to review an order granting such a dismissal, and we would have to conclude that the trial court abused its discretion before we could conclude that a denial of the motion to dismiss was proper in this case.