

NUMBER 13-13-00723-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

LEVINSON ALCOSER ASSOCIATES,
L.P. AND LEVINSON ASSOCIATES, INC.,                    Appellants,

v.

EL PISTOLON II, LTD.,                                              Appellee.

On appeal from the 370th District Court
of Hidalgo County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez

Appellants, Levinson Alcoser Associates, L.P. and Levinson Associates, Inc. (collectively "Levinson"), appeal from the trial court's denial of a motion to dismiss a suit filed by appellee, El Pistolon, Ltd. By one issue, Levinson contends that the trial court erred in denying its motion to dismiss because El Pistolon's certificate of merit did not

satisfy the requirements of the statute. We reverse and remand in part, and we affirm in part.

## I.   BACKGROUND

El Pistolon hired Levinson to perform architectural work in connection with the design of a shopping center on a vacant lot in McAllen, Texas. On June 7, 2010, El Pistolon sued Levinson for negligence and breach of contract. El Pistolon claimed in its petition that as a result of "ill prepared and improper" designs, "the development costs associated with the property significantly exceeded any reasonable costs, and much of the property has been rendered largely unprofitable and essentially useless," causing millions of dollars in damages. Levinson filed a motion to dismiss because El Pistolon had failed to attach a certificate of merit to its Original Petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West, Westlaw through 2013 3d C.S.). El Pistolon non-suited its claims prior to any ruling by the trial court on Levinson's motion to dismiss.

On November 8, 2010, El Pistolon filed a second lawsuit against Levinson, based upon the same conduct and transaction, for breach of contract and negligence in another court. This time, El Pistolon attached a certificate of merit by architect Gary Payne. Upon Levinson's motion to transfer the case back to the court where El Pistolon's initial lawsuit had been filed, the case was transferred. Levinson filed its second motion to dismiss the suit on the basis that the certificate of merit did not comply with section 150.002(a) and (b) of the Texas Civil Practices and Remedies Code. *See id.* Specifically, Levinson claimed that Payne's certificate of merit failed to provide any factual basis for his opinions regarding the merits of El Pistolon's negligence and breach of contract claims. El Pistolon filed a response and supplemental response to Levinson's motion to dismiss, and

2

Levinson filed a reply to El Pistolon's supplemental response. After a hearing, the trial court denied Levinson's motion to dismiss. This appeal followed.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's denial of a motion to dismiss for an abuse of discretion. *Garza v. Carmona*, 390 S.W.3d 391, 394 (Tex. App.—Corpus Christi 2012, no pet.). In reviewing a trial court's denial of a section 150.002 motion to dismiss, we review the record in the light most favorable to the ruling. *Natex Corp. v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 737 (Tex. App.—Texarkana 2010, pet. filed). To the extent that we are required to interpret a statute, that aspect of our review is performed de novo. *WCM Grp., Inc. v. Brown*, 305 S.W.3d 222, 229 (Tex. App.—Corpus Christi 2009, no pet.). We look to the statute's plain meaning because we presume that the legislature intends the plain meaning of its words. *Id.* In doing so, we read the words in context and construe the language according to the rules of grammar and common usage. *Id.*

Section 150.002 provides, in relevant part, that in any action "for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party . . . licensed professional engineer" who is: (1) competent to testify; (2) registered or licensed in the same professional license or registration as the defendant; and (3) knowledgeable in the area of practice of the defendant and offers testimony based on the person's knowledge, skill, experience, education, training, and practice. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West, Westlaw through 2013 3d C.S.). In addition, in the certificate of merit, the expert must "specifically" set out for each of the plaintiff's theories of recovery, "the negligence, if any, or other action, error, or omission" of the defendant professional "in

3

providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." *Id.* § 150.002(b). Failure to file the affidavit "in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." *Id.* § 150.002(d). "An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order." *Id.* § 150.002(e).

### III.    PRESERVATION OF ERROR

As a preliminary matter, El Pistolon argues that Levinson failed to preserve its appellate issue that Payne did not demonstrate in his certificate of merit that he had the requisite knowledge. Specifically, El Pistolon argues that pursuant to Texas Rule of Appellate Procedure 33.1(a)(1)(A), Levinson was required to present its objections to Payne's affidavit within its motion to dismiss. However, El Pistolon cites no authority, and we find none, requiring that objections to the certificate of merit be included in the motion to dismiss. In its reply to El Pistolon's supplemental response to Levinson's motion to dismiss, Levinson argued that Payne failed "to state that[: (1)] he holds the same professional license or registration as [Levinson]; [(2)] he is knowledgeable in" Levinson's area of practice; and (3) "he has any expertise or experience in the design of shopping centers of the type designed by Levinson or of the type which are the subject of this Second Lawsuit." And at the motion to dismiss hearing, Levinson's trial counsel argued that Payne failed to state that he is knowledgeable in Levinson's area of practice.

El Pistolon argues that even if Levinson included that argument in its reply to El Pistolon's supplemental response, error is not preserved. In the alternative, El Pistolon argues that, assuming that Levinson could raise new grounds for dismissal in its reply,

4

the trial court made no ruling on the issues raised in Levinson's reply. Finally, El Pistolon points out that in its order denying Levinson's motion to dismiss, the trial court explicitly stated that it did not consider the reply.

The trial court's order denying Levinson's motion to dismiss states, "The Court has considered the Defendants' motion to dismiss, Plaintiff's Response thereto, and the argument of counsel and finds that Defendant's motion lacks merit and should be DENIED." We conclude that, because the trial court stated that it considered counsel's argument, which included the argument that Payne failed to state that he is knowledgeable in Levinson's area of practice, it made an implicit ruling that Payne's affidavit did not lack that requirement. Moreover, section 150.002(a)(3) requires that the expert be "knowledgeable in the area of practice of the defendant" and that "[t]he plaintiff's failure to file the affidavit in accordance with this section *shall* result in dismissal of the complaint against the defendant." *Id.* § 150.002(a)(3), (e) (emphasis added). Therefore, we conclude that in order to deny Levinson's motion to dismiss, the trial court must have determined that El Pistolon's certificate of merit was sufficient on the basis that its expert was knowledgeable in Levinson's area of practice.

## IV. CERTIFICATE OF MERIT

By its first issue, citing section 150.002(a), Levinson argues that the trial court abused its discretion by denying its motion to dismiss El Pistolon's cause of action because Payne's certificate of merit fails to show or to state that he is knowledgeable in Levinson's area of practice. In response, Pistolon argues that section 150.002 does not require that the expert explicitly state or show within the certificate of merit that he is knowledgeable. El Pistolon cites *CBM Engineers, Inc. v. Tellepsen Builders, LP*, 403

S.W.3d 339 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) and *Dunham Engineering v. Sherwin-Williams Co.*, 404 S.W.3d 785 (Tex. App.—Houston [14th Dist.] 2013, no pet.), for its counter-argument that the law does not require Payne to state in the body of the certificate of merit how he is knowledgeable in Levinson's area of practice. In *CBM*, the court stated that "while the affiant must be knowledgeable in the area of practice of the defendant, he need not explicitly establish such knowledge on the face of the certificate of merit." *Id.* at 345. The *CBM* court cited *M–E Engineers, Inc. v. City of Temple*, 365 S.W.3d 497, 503 (Tex. App.—Austin 2012, pet. denied) wherein the Austin Court of Appeals stated:

> What chapter 150 requires, with respect to subject-area expertise, is that the affiant "*is* knowledgeable in the area of practice of the defendant." Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 150.002(a) (emphasis added). Chapter 150 does not require that an affiant establish his or her knowledge through testimony that would be competent or admissible as evidence, or even that the affiant explicitly establish or address such knowledge within the face of the certificate—indeed, it imposes no particular requirements or limitations as to how the trial court ascertains whether the affiant possesses the requisite knowledge.

*Id.* (emphasis in original). The Austin Court of Appeals concluded that the trial court may determine whether the expert is knowledgeable on a variety of factors as a factual determination and could even infer this knowledge from the certificate of merit itself. *Id.* Moreover, in *Dunham Engineering*, the Houston Court of Appeals came to the same conclusion, stating, "[T]he statute does not require the affiant explicitly establish or address that he is 'knowledgeable in the area of practice of the defendant' on the face of the certificate." 404 S.W.3d at 794–95.

Section 150.002(a) says that the plaintiff must file an affidavit of "a third-party licensed architect, licensed professional engineer, registered landscape architect, or

6

registered professional land surveyor *who . . . is knowledgeable in the area of practice of the defendant.*" TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (emphasis added). Thus, we agree with our sister courts that 150.002 does not require an expert to explicitly state or establish within the certificate of merit that he is knowledgeable or that that his opinions are based on knowledge, skill, experience, education, training, or practice. *See id.*; *Dunham Engineering*, 404 S.W.3d at 794–95; *M–E Eng'rs, Inc.*, 365 S.W.3d at 503; *see also CBM Eng'rs, Inc.,* 403 S.W.3d at 503.[1] Thus, here, Payne's certificate of merit is not deficient on the basis that he failed to show or establish within the face of the certificate of merit that he is knowledgeable in Levinson's area of practice. And, we agree with our sister courts that the trial court was free to infer that knowledge and that there is no requirement that the trial court rely only on the certificate of merit in order to determine whether Payne was knowledgeable in Levinson's area of practice.

It appears that Levinson also argues that Payne was required to show that he is knowledgeable in Levinson's specific sub-specialty of architecture. In *Dunham Engineering*, the Houston Court of Appeals stated:

> Essentially, relying on 2005–version case law, what DEI proposes is that section 150.002(a)(3) requires that we evaluate certificates of merit on the basis of engineering specialties. However, the plain language of the [current] version of section 150.002(a)(3), which we are bound to apply, specifically states only that the engineer opining in the certificate of merit be "knowledgeable in the area of practice of the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)(3). **The statute does not state that the affiant's knowledge must relate to the same, much less the same specialty, area of practice.** *Id.*; *see Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 426–27 (Tex. App.—Dallas 2012, no pet.) (citing *Benchmark*, 316 S.W.3d at 49, and concluding that plain language of 2009

---

[1] We agree with our sister courts that section 150.002 "imposes no particular requirements or limitations as to how the trial court ascertains whether the affiant possesses the requisite knowledge." *See Dunham Engineering v. Sherwin-Williams Co.*, 404 S.W.3d 785, 794–95 (Tex. App.—Houston [14th Dist.] 2013, no pet.)

version of section 150.002(a) does not "require[ ] the opining professional to demonstrate expertise in the defendant's sub-specialty"); *cf. Benchmark*, 316 S.W.3d at 49 (interpreting 2005 version of section 150.002(a) and rejecting defendant's argument that affiant was required to practice in engineering sub-specialty of "drainage and drainage design"). Nor does the statute require submission of a resume. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)(3).

404 S.W.3d at 797–95 (emphasis added). In other words, the statute merely requires that the expert be knowledgeable in the defendant's general area of practice, which includes architecture, engineering, landscape architecture, or land surveying. The expert need not show that he is specifically knowledgeable in any sub-specialties in those areas of practice. We agree with the Houston court that the statute does not require that the expert explicitly state or show that he or she is knowledgeable regarding the defendant's sub-specialty.[2] *See id.* ("the statute does not require the affiant explicitly establish or address that he is "knowledgeable in the area of practice of the defendant" on the face of the certificate. Indeed, section 150.002 'imposes no particular requirements or limitations as to how the trial court ascertains whether the affiant possesses the requisite knowledge.'") (internal citations omitted).

We conclude that the trial court did not abuse its discretion by denying Levinson's motion to dismiss on the basis that El Pistolon's certificate of merit failed to state, show, or establish that Payne was knowledgeable in Levinson's area of practice. We overrule Levinson's first issue.

---

[2] Although Levinson does not specifically argue that Payne's affidavit fails to address its sub-specialty, we construe Levinson's claim that Payne did not "identify what Levinson's area of practice is" as a complaint that Payne did not show he is knowledgeable in Levinson's area of practice. We further note that Payne stated that he is an architect and that Levinson failed to design the "property in a manner that a reasonable architect would under similar circumstances." Neither party mentions Levinson's sub-specialty.

8

## III.    ADEQUACY OF FACTUAL BASIS FOR CLAIMS

By its second issue, Levinson contends that Payne's certificate of merit fails to specifically set forth the claims against Levinson or adequately set forth the factual basis for each of El Pistolon's claims.  El Pistolon responds that Payne set out the factual basis for El Pistolon's negligence theory by stating that Levinson failed "to exercise due care in drafting the plans and specifications called for by El Pistolon II, LTD in the construction of its building," failed "to design El Pistolon II, LTD's property in the manner that a reasonable architect would under the similar circumstances," and failed "to maximize the property's highest and best use."  El Pistolon further argues that Payne presented a factual basis for its breach of contract claim by including the above-quoted language combined with Payne's statement that he "reviewed the site plans, offering memorandum, the Development Agreement, and other relevant documents" and that he had "reviewed and analyzed the above documents and evidence in connection with the incidents that form the subject of this lawsuit."

One test to determine whether a factual basis exists has been applied by the Houston Court of Appeals, which was set out in *CBM*, 403 S.W.3d at 346.   The *CBM* court stated that factual assertions are those assertions that "are clear, positive, direct, free from inconsistencies, and could have been readily controverted.  That is, they could be, 'effectively countered by opposing evidence.'"  *Id.*  There is no statutory definition of "factual basis," and, we must give it an ordinary meaning.  Our Court has held that the certificate of merit need not marshal all of the plaintiff's evidence or include a precise or detailed explanation.  *Durivage v. La Alhambra Condo, Ass'n*, No. 13–11–00324–CV,

2011 WL 6747384, at *3 (Tex. App.—Corpus Christ Dec. 21, 2011, pet. dism'd) (mem. op.). And, that the trial court in determining whether to deny a motion to dismiss on the basis of an allegedly inadequate certificate of merit, must take into consideration the purpose of the statute. *See id.* The purpose of the statute is "to deter meritless claims and bring them quickly to an end." *CTL/Thompson Texas, LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013)

Here, Payne stated that Levinson's plans were not designed in the manner of a reasonable architect under similar circumstances would have done because the "current design fails to maximize the property's highest and best use." Thus, the factual basis for Payne's opinion that Levinson did not follow the applicable standard of care in designing the plans is that Levinson's design did not maximize the property's highest and best use.[3] This statement is clear, positive, and free from inconsistencies, and can be readily controverted with evidence. *See Garza*, 390 S.W.3d at 396 (explaining that the certificate of merit "specifically sets forth alleged negligence when it specifically identifies the actions, errors, and/or omissions that in the affiant's opinion deviated from the applicable standard of care and caused the harm for which the plaintiff seeks damages"). Moreover,

---

[3] As we stated in *Charles Durivage, P.E. v. La Alhambra Condo. Ass'n*, No. 13-11-00324-CV, 2011 WL 6747384, at *3 (Tex. App.—Corpus Christi Dec. 21, 2011, pet. dism'd).

> The requirement to show a "factual basis" is less onerous than that imposed on, for example, health care liability plaintiffs. *Compare id.* (requiring affidavit establishing "factual basis" for each claim) *with id.* § 74.351(r)(6) (West 2011) (requiring plaintiff in a suit against a health care provider to serve an expert report "that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed").

In addition, we stated that we could not find authority supporting a conclusion that a certificate of merit cannot be conclusory. *See id.*

Payne's affidavit explains that he is familiar with the applicable standard of care and how Levinson allegedly breached that standard. *See, e.g., IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004) ("The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach."); *see also Criterium–Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 400 (Tex. App.—Beaumont 2008, no pet.) ("[When addressing a negligence claim,] the certificate of merit must necessarily address the applicable standard of care and the defendant's failure to meet the standard."). Although Payne's opinion is not supported by any evidence, El Pistolon is not required to marshal its proof within the certificate of merit. *Packard Eng'g Assocs. v. Sally Group, L.L.C.*, 398 S.W.3d 389, 393 (Tex. App.—Beaumont 2013, no pet.). In addition, keeping the purpose of the statute to deter meritless claims and bring them quickly to an end in mind, we cannot conclude based on Payne's affidavit that El Pistolon's claims are meritless. *CTL/Thompson Texas, LLC*, 390 S.W.3d 299, 301. Accordingly, the trial court did not abuse its discretion by denying Levinson's motion to dismiss El Pistolon's negligence claim. We overrule Levinson's second issue as to El Pistolon's negligence claim.

El Pistolon also sued Levinson for breach of contract, and by its second issue, Levinson contends that Payne's certificate of merit failed to address that claim. As previously stated, the certificate of merit must specifically set out a factual basis for "each theory of recovery for which damages are sought." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b). However, Payne's affidavit does not provide any factual basis for El Pistolon's breach of contract claim, because it does not state any facts regarding the existence or breach of any contract. *See, e.g., Sauceda v. GMAC Mort. Corp.*, 268

11

S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.) ("The elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."); *see also Durivage v. La Alhambra Condo, Ass'n*, 2011 WL 6747384, at *4. Because the affidavit is deficient as to the breach of contract claim, the trial court was without discretion to deny Levinson's motion to dismiss that claim. Therefore, we sustain Levinson's second issue regarding El Pistolon's breach of contract claim.

## IV. CONCLUSION

We reverse that portion of the trial court's judgment denying Levinson's motion to dismiss the breach of contract claim brought by El Pitolon, and we remand for determination of whether the dismissal of those claims shall be with or without prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (stating that dismissal for failure to file a certificate of merit in accordance with the statute "may be with prejudice"). The remainder of the trial court's judgment is affirmed.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
12th day of February, 2015.

12