

# NUMBER 13-08-00306-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE WCM GROUP, INC.,**                                                    **Appellant,**

**v.**

**NEIL CAMPONOVO, INDIVIDUALLY AND AS**
**REPRESENTATIVE OF THE ESTATE OF**
**JOEL ALLEN CAMPONOVO, DECEASED;**
**AND MARGARET CAMPONOVO, INDIVIDUALLY,**            **Appellees.**

---

**On appeal from the County Court at Law No. 4**
**of Nueces County, Texas.**

---

# O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Opinion by Justice Benavides**

This is an appeal from the denial of a motion to dismiss for failure to file a certificate of merit in a suit against an engineering firm. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (e) (Vernon 2005) (requiring certificate of merit and allowing interlocutory

appeal from the denial of a motion to dismiss).[1]  Appellant, The WCM Group, Inc. ("WCM"), filed a motion to dismiss claims made by appellees, Neil Camponovo, individually and as representative of the Estate of Joel Allen Camponovo, deceased, and Margaret Camponovo, individually (the "Camponovos").  WCM argues that the trial court abused its discretion by granting appellees an extension to file their certificate of merit and by denying its motion to dismiss.  We affirm.

## I. BACKGROUND

On March 4, 2006, while at work at a hazardous waste disposal facility, Joel Camponovo was exposed to hydrogen sulfide gas, which resulted in his death.  On February 29, 2008, the representative of his estate and his heirs sued WCM and others[2] for negligence and gross negligence in providing goods and services to the facility that allegedly allowed the release of the deadly gas.  It is undisputed that suit was filed less than ten days before the statute of limitations would expire.

On March 19, 2008, WCM appeared and moved to dismiss the suit, arguing that it was an engineering firm subject to the certificate of merit requirement in section 150.002 of the Texas Civil Practice and Remedies Code.  *See id.* § 150.002(a).[3]  WCM argued that,

---

[1] This action was commenced on February 29, 2008.  The Eighty-First Texas Legislature amended section 150.002, and those amendments took effect on September 1, 2009.  *See* Act of June 19, 2009, 81st Leg., R.S., ch. 789, §§ 3-4, 2009 TEX. GEN. LAWS 1989-1990 (effective Sept. 1, 2009).  The amendments do not apply to this case.  *Id.*  All citations to the statute in this opinion are to the version in effect prior to the 2009 changes.

[2] The Camponovos also sued Champion Technologies, Inc. and Flo Trend Systems, Inc.  Neither, however, is a party to this interlocutory appeal.

[3] At the time, section 150.002(a) provided:

In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (Vernon 2005).

2

under section 150.002, the Camponovos were required to file a certificate of merit at the time the petition was filed. *Id.*

On March 31, 2008, the Camponovos responded to the motion to dismiss by filing a motion to extend the time to file a certificate of merit. The Camponovos argued that because the statute of limitations was about to expire at the time they filed suit, a certificate of merit could not be prepared in time. *Id.* § 150.002(b).[4] Additionally, the Camponovos asserted that it was unclear whether section 150.002 applied to their claims and further requested that the trial court grant them a hearing to consider whether to extend the deadline to file the certificate of merit for "good cause." *Id.* The same day, the Camponovos amended their petition, specifically alleging that the petition was filed within ten days of the expiration of the statute of limitations and that a certificate of merit could not be timely prepared.

On April 8, 2008, the Camponovos filed a second amended petition. In it, they alleged that they were excused from contemporaneously filing a certificate of merit because the original petition was filed within ten days of the expiration of the statute of limitations, and they were neither informed nor knew that WCM was a professional engineering firm. Thus, a certificate of merit could not be prepared before filing the petition. The second amended petition stated that it was attaching an affidavit of a professional engineer, Donald J. Schaezler, Ph.D., P.E., CIH, and that it was filed within thirty days of WCM's complaint that the Camponovos failed to comply with the certificate

---

[4] Section 150.002(b) provided for an extension under certain circumstances:

The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, registered professional land surveyor, or professional engineer could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

*Id.* § 150.002(b).

3

of merit requirement.[5]  The Camponovos noted that while Texas Molecular, a defendant in prior litigation involving other parties, identified WCM's  employee, Jack Piskura, as a witness with knowledge of relevant facts and as an expert witness, the Camponovos did not know he was a professional engineer or that WCM was a professional engineering firm.

On April 9, 2008, WCM filed a response to the Camponovos' motion for an extension of time.  WCM argued that section 150.002(b) only allows for a thirty-day extension to file a certificate of merit if the suit is filed within ten days of the expiration of limitations.  Thus, the Camponovos were only entitled to an additional thirty days to file their certificate of merit, which expired on March 31, 2008.[6]  WCM argued that the Camponovos were not entitled to an extension for "good cause" because (1) any request for an extension had to be both requested and resolved within the thirty-day period following the filing of the petition, and (2) there was no "good cause" because the Camponovos were aware of the identity of WCM as early as February 2007, over one year before the expiration of limitations.

For support, WCM attached several documents.  First, it attached a copy of its website, apparently printed in April 2008, that stated that WCM provides "professional environmental/engineering services." Second, it attached an affidavit from William McNutt, who stated that he is the president of WCM.  He testified that WCM is an engineering firm and that its status as such has been advertised to the public.  Specifically, McNutt testified that on March 4, 2006, when Joel Camponovo died, the website advertised that WCM was an engineering firm in the same format as the example provided.

Third, WCM attached discovery responses from Texas Molecular, who was the defendant in a related suit by a different plaintiff based on the same incident, which were

---

[5] The affidavit does not appear in the clerk's record.  WCM, however, does not dispute that the Camponovos filed a certificate of merit on April 8, 2008.

[6] The original petition was filed on February 29, 2008.  Thirty days would have expired on March 30, 2009, which fell on a Sunday.  Thus, under Texas Rule of Civil Procedure 4, the certificate of merit was due on Monday, March 31, 2008.  *See* TEX. R. CIV. P. 4.

4

produced to Camponovos' counsel in February 2007.[7] In the responses, Texas Molecular provided a waste analysis plan prepared by WCM for Disposal Systems of Corpus Christi, Inc. Additionally, the responses included two letters signed by Jack R. Piskura, "P.E.", on WCM letterhead. The first letter stated that Piskura had certified, as a professional engineer, a plan for the facility. The second letter did not reference Piskura's status as a professional engineer, except that it was signed as Jack R. Piskura, P.E. Additionally, certification of the plan was signed by Piskura as a "registered professional engineer."

Fourth, WCM attached discovery responses from Texas Molecular in a prior lawsuit filed by the Camponovos.[8] Those discovery responses were served on the Camponovos' counsel on November 6, 2007, and they identified Jack Piskura as an employee of WCM with knowledge of

> the site facility at issue, its history, its use, applicable permits and proper interpretation and scope of permits and permit compliance, permitting processes, transfers of the facility, operations and operational changes, and related and potentially related issues pertaining to actual, potential and contemplated operations and requested activity.

Finally, WCM attached an affidavit from its lawyer, John Abbey, verifying that the discovery responses were true and correct copies and the date the responses were served.

Based on all this information, WCM asserted that there was no "good cause" to extend the deadline to file a certificate of merit because the Camponovos were aware of WCM's identity as an engineering firm and its role in assisting Texas Molecular a year before the statute of limitations expired.

On April 9, 2008, the trial court held a hearing on the Camponovos' request for an extension of time. At the hearing, the Camponovos stated that they were seeking an

---

[7] *See* Cause No. 06-62557-2, *Brown v. Texas Molecular Ltd. P'ship et. al.*, in the County Court at Law No. 2 of Nueces County, Texas.

[8] *See* Cause No. 06-62790, *Camponovo v. Texas Molecular Ltd. P'ship*, in the County Court at Law No. 4 of Nueces County.

extension of time but that on April 8, 2008, they filed a certificate of merit anyway. The Camponovos informed the trial court that, although the prior discovery in the Camponovos' suit against other defendants identified WCM as a potential defendant, the discovery responses indicated that only an employee, Piskura, was an engineer, and did not identify WCM as an engineering firm. The Camponovos claimed that they were unaware that WCM was an engineering firm until it filed its motion to dismiss on March 19, 2009. The Camponovos argued that, although they did not file a certificate of merit within thirty days after filing suit, they did file a motion to extend time to file the certificate within thirty days, and they filed a certificate of merit within thirty days of learning that WCM was an engineering firm. WCM countered that the statute places the burden on the plaintiff to determine if they have sued a professional engineer—thus, the plaintiff's lack of knowledge of the defendant's status does not eliminate the duty to file a certificate of merit.

In further response, the Camponovos informed the trail court that once they realized they needed a certificate of merit, they called their expert engineer. The expert engineer had "family issues" involving his wife's sickness, and he was unavailable to sign the affidavit. As soon as he signed the affidavit, the Camponovos filed it. The Camponovos asked the trial court to incorporate, as an offer of proof, their counsel's representations about the expert engineer's family problems.

The trial court then stated on the record that he was denying WCM's motion to dismiss. On May 13, 2008, the trial court formally signed an order stating that the court found good cause to extend the deadline for the Camponovos to file a certificate of merit and that justice required an extension until April 8, 2008, which the Camponovos satisfied. Accordingly, the trial court found that the Camponovos complied with section 150.002, and it denied WCM's motion to dismiss. This appeal ensued.

6

## II. Discussion

WCM argues on appeal that the Camponovos failed to comply with section 150.002 by failing to file a certificate of merit within thirty days after filing suit, and further, it argues that the Camponovos failed to show good cause as a matter of law because the Camponovos were aware of WCM's identity as a professional engineering firm over a year before the statute of limitations expired. Thus, it argues that the trial court abused its discretion by granting an extension and by denying its motion to dismiss. We disagree.

### A. Standard of Review

We review a trial court's decision to grant or deny a defendant's motion to dismiss under section 150.002 of the Texas Civil Practice and Remedies Code for abuse of discretion. *See Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.–Corpus Christi 2009, no pet.). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without considering guiding principles. *Whirlpool Corp. v. Comancho*, 251 S.W.3d 88, 102 (Tex. App.–Corpus Christi 2008, pet. granted). "A trial court has no discretion in determining what the law is or applying the law to the facts." *Landreth*, 285 S.W.3d at 496. A trial court does not abuse its discretion when it bases a decision on conflicting evidence—rather, a factual decision is an abuse of discretion only if there is no evidence to support the decision. *Whirlpool*, 251 S.W.3d at 102. "Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court does not demonstrate an abuse of discretion." *Landreth*, 285 S.W.3d at 496.

Statutory construction, however, is a question of law we review *de novo*. *Id.* Once we determine the statute's proper construction, we must then decide whether the trial court abused its discretion in applying the statute. *Id.*

**B.    Section 150.002(b)'s Extension Provisions**

The applicable version of section 150.002 provides as follows:

(a)    In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.

(b)    The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, registered professional land surveyor, or professional engineer could not be prepared.  In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit.  The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(c)    The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(d)    The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant.  This dismissal may be with prejudice. . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)-(d).

WCM concedes that the Camponovos filed suit within ten days of the expiration of limitations; thus, the Camponovos were not required to comply with the contemporaneous filing requirement in section 150.002(a) and automatically received an additional thirty days to file a certificate of merit.  *Id.* § 150.002(b).  Pursuant to this extension, the Camponovos were required to file a certificate of merit on or before March 31, 2008.  On the day their

8

certificate of merit was due, the Camponovos moved for an extension for "good cause" and requested a hearing.

No court has yet had the opportunity to construe subsection (b)'s "good cause" extension. Thus, we must determine what constitutes "good cause" under the statute. WCM's brief does not clearly and specifically propose a standard for determining when a party has established "good cause" under the statute. Instead, WCM points to two workers' compensation cases from the 1960s, in which the Texas Supreme Court held that good cause for a delay can be negated as a matter of law upon a showing that the party claiming good cause failed to act diligently to comply with applicable legal requirements. *See Tex. Employers' Ins. Ass'n v. Brantley*, 402 S.W.2d 140, 142 (Tex. 1966) (construing good cause for delay in filing workers' compensation claim as requiring the degree of diligence a reasonable person would have exercised under the same or similar circumstances); *Tex. Cas. Ins. Co. v. Beasley*, 391 S.W.2d 33, 34 (Tex. 1965) (same).

"Good cause" as an excuse for delay in filing certain documents with a court appears in many contexts under the rules of civil procedure. *See* Naomi McCuistion, *Good Cause in the Texas Rules of Civil Procedure*, 36 ST. MARY'S L.J. 445, 447 (2005) (noting that the phrase "good cause" appears thirty-one times in the rules of civil procedure). For example, the Texas Supreme Court has held that good cause for withdrawing deemed admissions or filing a late summary-judgment response is established by showing that "the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *See Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (holding this standard applies to withdrawal of deemed admissions and allowing a late summary-judgment response). The same standard applies to an equitable motion for new trial and

for reinstatement of a case dismissed for want of prosecution. *Craddock v. Sunshine Bus Lines*, *Inc.*, 133 S.W.2d 124, 126 (Tex. 1939); *Garcia v. Barreiro*, 115 S.W.3d 271, 276-77 (Tex. App.–Corpus Christi 2003, no pet.).

In contrast, where a party fails to timely disclose a witness, "good cause" requires a heavier showing, and negligence is not sufficient. *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992). However, even under this harsher standard, which only excuses a delay in "difficult or impossible circumstances," an attorney is not punished for events that are not within his control. *Id.* at 914 (explaining, for example, such circumstances exist if a witness could not be located despite a diligent search).

Under any standard, however, WCM has not conclusively negated "good cause," as we next explain. WCM argues that the Camponovos had knowledge that WCM was an engineering firm and that a certificate of merit was required based on voluminous discovery produced to the Camponovos' counsel in prior litigation against different defendants. WCM argues that this evidence negates "good cause" as a matter of law because it shows that the Camponovos were not diligent in obtaining a certificate of merit.

Our review of that discovery, however, shows that the discovery merely disclosed that one employee of WCM was an engineer, and that employee was never sued. The discovery documents do not expressly identify WCM as an engineering firm. Although WCM's internet website states as much, the Camponovos' counsel stated that he had no knowledge that WCM was an engineering firm until March 19, 2008, when WCM filed its motion to dismiss. Thus, the evidence presented to the trial court on this issue was conflicting, and the trial court was entitled to resolve the conflict.

More importantly, however, the Camponovos' counsel informed the trial court that

he retained an expert and attempted to comply quickly, but the expert had a family emergency that prevented him from signing the affidavit before the deadline. WCM does not discuss this argument in its brief. It does not explain why the trial court could not rely on the Camponovos' explanation as a basis to support a finding of "good cause" and that an extension would serve the interests of justice.

It is conceivable that even though a party has acted diligently, that party may not be able to obtain a certificate of merit from an expert in a timely fashion, through no fault of its own. For example, even if a party has knowledge that it needs a certificate of merit from an expert and diligently retains such an expert, the party cannot predict or control what happens within the expert's life that may prevent a timely report from being filed. *See id.* at 914. This case is a prime example of that.

We disagree that the discovery was so clear that, as a matter of law, it required a finding that the Camponovos were aware that WCM was an engineering firm but nevertheless delayed obtaining a certificate of merit. But even if we agreed with WCM on this point, before the deadline expired, we would still find good cause. The Camponovos retained an expert, but that expert suffered from family problems that prevented him from timely signing his report. WCM does not challenge this argument in any form or fashion, and we believe it constitutes good cause under any standard. Furthermore, the delay in this case was minimal—the Camponovos filed a certificate of merit only a week after the deadline. WCM has not suffered or alleged any prejudice from this minimal delay, which we think was entirely reasonable in light of the explanation provided, and an extension for this minimal time period served the interests of justice. Accordingly, we overrule WCM's issue.

11

### III. Conclusion

We affirm the trial court's order granting an extension of time to file a certificate of merit and denying WCM's motion to dismiss. On March 4, 2009, we partially stayed the proceedings below. Accordingly, we lift the stay.

_____
GINA M. BENAVIDES,
Justice

Opinion delivered and filed this
the 19th day of November, 2009.

12