

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00128-CV
_____

APEX GEOSCIENCE, INC., Appellant

V.

ARDEN TEXARKANA, LLC, DORNOCH TEXARKANA, LLC, RP TEXARKANA, LLC, TEXARKANA RANCHO, LLC, AND NARDEN TEXARKANA, LLC, Appellees

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 08C1019-202

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss
Dissenting Opinion by Justice Carter

O P I N I O N

The parking lot of the Texarkana Pavilion shopping center experienced problems. It was alleged that the necessary groundwork was not done to support the paving. Ultimately, in the lawsuit that arose from the problems, Apex Geoscience, Inc. (Apex), was joined as a third-party defendant. Apex seeks[1] a dismissal of the lawsuit against it, because the necessary paperwork was not done to support the third-party claims against Apex. We agree.

Texarkana Pavilion, L.P. (Pavilion) purchased and began developing 27.606 acres of land as a retail shopping center. Arden Texarkana, LLC, Dornoch Texarkana, LLC, RP Texarkana, LLC, Texarkana Rancho, LLC, and Narden Texarkana, LLC (collectively referred to as Owners), in October 2006, contracted with Pavilion for the purchase of the property. Pavilion continued development of the land, including "clearing the site, performing the necessary foundational dirt work[,] . . . performing the actual construction of the subgrade, foundation, parking lot and buildings" "through the sale date."

After the sale, Owners "repeatedly complained to Texarkana Pavilion regarding certain issues with the property's substructure." They claimed that, before the sale of the property, "subgrade and concrete paving of the parking lot began experiencing material and other defects, such as the development of voids beneath the pavement, washing-out of the pavement subgrade, settling and/or failure of concrete sections, and heaving of concrete sections." Owners allegedly

---

[1]More specifically, Apex asserts that the trial court erred in denying its motion to dismiss third-party claims because a certificate of merit was not timely filed as required by Section 150.002 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011).

2

failed to make payments in accordance with the sale purchase agreement. On July 1, 2008, Pavilion sued Owners, claiming they had breached that agreement.

On April 25, 2011, Owners filed counterclaims against Pavilion for fraud, fraudulent inducement, fraud in a real estate transaction, breach of contract, and negligent misrepresentation. Owners alleged that Pavilion "knew that the storm sewer system . . . had experienced numerous failures," that the failure of the system "was allowing subgrade to be washed out from under the Property," and that the steps taken in response to the failures were "purely cosmetic in nature." Owners complained that this "cover-up thwarted" the inspection of the property before the sale and that they would not have purchased the property under the sale purchase agreement had the issues with the parking lot been discovered. Apex provided engineering services related to the construction project. The Owners claimed that "Texarkana Pavilion and/or Third-Party Defendants failed to adhere to the guidelines outlined by Apex in its geotechnical report related to construction of the subgrade for the Property and utilities."

With permission of the trial court under Section 33.004(c) of the Texas Civil Practice and Remedies Code, which affords a claimant an additional sixty days beyond any applicable limitation period to join a person who has been designated as a responsible third party, Owners, also on April 25, 2011, alleged third-party claims against Apex and others for negligence, gross negligence, conspiracy to commit fraud, and aiding and abetting tortious acts.

On May 31, 2011, Apex answered the third-party petition, pointing out that

[Owners] have failed to file an affidavit with their petition regarding their claims against Apex, as required by § 150.002. According to Tex. Civ. Prac. & Rem.

3

Code § 150.002(d), the Court must dismiss [Owners'] claims against Apex for their failure to comply with the statute.

On July 11, 2011, Apex filed a motion to dismiss the Owners' third-party claims on that basis.

On July 26, 2011, Owners responded by claiming that their suit failed to contain a qualifying affidavit—what the statute also calls a certificate of merit—"because the affidavit could not be prepared before the expiration of the extended limitations period of Section 33.004(c), Texas Civil Practice & Remedies Code." A certificate of merit was attached. Also on July 26, Owners moved to extend time to file the certificate of merit for good cause under Section 150.002(c). The motion was supported by affidavit of attorney W. "Trey" R. Dyer, III, who gave the following explanation as to the existence of good cause:

8. . . . Texarkana Pavilion merely alleged that Apex "is a materials and testing firm with (sic) contracted with TEX PAV [Pavilion] to perform concrete, soils and materials testing on the Project, including the parking lot."

. . . .

10. Given the lack of specificity in the Motion to Designate regarding Apex's responsibility for the injuries, Owners promptly sought through written discovery information regarding the scope and details of Apex's work. . . .

11. Owners had already designated Joseph Russ, Sr. as an expert witness and had been consulting with him for an extended period of time. Owners believed that Mr. Russ would be able to give opinion testimony required for a certificate of merit. In his expert report, Mr. Russ, opined regarding Apex's failures when doing materials testing. Mr. Russ is qualified to review testing reports and opine as to their veracity and accuracy. As such, Owners believed that he was qualified under Section 150.002 of the Texas Civil Practices [sic] & Remedies Code to make the Certificate of Merit Affidavit.

12. Before the filing deadline, it was decided that Mr. Russ may not be qualified under Section 150.002 to make the Certificate of Merit given that he does not regularly do materials testing. That was too close in time to identify a

4

new expert who was able to do the work and qualified to give the opinion testimony for the Certificate of Merit Affidavit.

13.    Shortly after Apex filed its Answer, attorneys for Owners learned of the clients' desire to hire new counsel to continue the Action and have since been substituted by current counsel[2] for Owners who, upon information and belief, have now obtained a Certificate of Merit.

14.    Good cause exists to allow an extension of time to file the Certificate of Merit for the reasons cited above.

The trial court heard the motion to dismiss November 9, 2011, and ruled December 12, 2011, denying Apex's motion to dismiss.  On appeal, Apex complains that the trial court erred (1) in denying the motion to dismiss because Section 150.002(c) required Owners to act within thirty days of the filing of the third-party claims and (2) in finding good cause.

An order granting or denying a motion to dismiss made pursuant to Chapter 150 of the Texas Civil Practice and Remedies Code is immediately appealable as an interlocutory order, and is reviewable for abuse of discretion.  *Natex Corp. v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 731 (Tex. App.—Texarkana 2010, pet. dism'd w.o.j.); *WCM Group*, *Inc. v. Camponovo*, 305 S.W.3d 214, 219 (Tex. App.—Corpus Christi 2009, pet. dism'd) (citing *Landreth v. LasBrisas Council of Co–Owners*, *Inc.*, 285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.)).  If resolution of an issue requires the construction of statutory language, we apply a de novo standard of review to the statute's construction.  *CTL/Thompson Tex.*, *LLC v. Morrison Homes*, 337 S.W.3d 437, 441 (Tex. App.—Fort Worth 2011, pet. denied) (citing *Entergy Gulf States*, *Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009)).  We determine the proper

---

[2]Owners' new counsel appeared July 13, 2011.

5

construction of the statute and then review the trial court's application of the statute. *Id.*; *Camponovo*, 350 S.W.3d at 219. A failure by the trial court to analyze or apply the statute correctly constitutes, by definition, an abuse of discretion. *Natex*, 326 S.W.3d 732 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

In any action for damages "arising out of the provision of professional services by a licensed or registered professional,[3] the plaintiff shall be required to file with the complaint an affidavit[4] of a third-party" who: (1) is competent to testify; (2) holds the same professional license or registration as the defendant; and (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's knowledge, skill, experience, education, training, and practice. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011). "The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (West 2011).

---

[3]It is uncontested that Apex is such a professional entitled to the benefit of Section 150.002.

[4]This is the certificate of merit.

6

However,

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c) (West 2011).

Owners' third-party claims against Apex were filed April 25, 2011, without a contemporaneously filed certificate of merit. While both parties agree that Section 150.002(c) applies to this case because the period of limitation was to expire within ten days after the filing, the application of this subsection by the parties produces remarkably differing results.

The second sentence of subsection (c) gives a plaintiff an automatic thirty-day grace period within which to file the certificate of merit, if the conditions spelled out therein are met. Apex believes that, because the second sentence begins with the language "[i]n such cases," the thirty-day grace period is available only if (1) the limitations period requirement is met, *and* (2) the allegation was made that failure to file a certificate of merit was due to those time constraints. While it is uncontested that the limitations period requirement is met, the principal dispute is whether the time constraint allegation was timely made.

Apex reasons that the time-constraint allegation must be made within the thirty-day time period in order to take advantage of the automatic grace period. Apex also contends that any extension for good cause must be made on motion within the thirty-day automatic grace period.

7

It believes that the extension of "such time" for good cause in the last sentence should be read to mean that the trial court can extend the thirty-day automatic grace period only if (1) the limitation period requirement is met, (2) the time constraint allegation is made within thirty days after the complaint is filed, and (3) good cause is shown.

Owners argue that the "such time" language in the last sentence of subsection (c) reading "[t]he trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires," refers to the contemporaneous filing requirement rather than the thirty-day grace period. They believe subsection (c) gives the trial court authority to extend the deadline for filing of the certificate of merit without regard to whether the time constraint allegation was made within thirty days after the filing of the third-party petition.

Looking just at the statutory language, the statute seems to provide that, to qualify for the thirty-day automatic grace period and to be among those who are allowed to apply for the good-cause extension beyond the thirty-day automatic grace period, one must have alleged, on or before the date the claim is filed, that his or her claim qualifies for the automatic grace period. The following discussion explains that conclusion.

The first two sentences of subsection (c) speak with reference to the filing of the complaint. They describe the qualifying situation as (a) limitations "*will expire* within 10 days of the date of filing" the complaint, and (b) "the plaintiff *has alleged*" that (due to such time constraints) the certificate of merit "*could not be prepared*." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c). "Could not be prepared" means that the certificate of merit could not be prepared/obtained on a timely basis so that it could be filed at the same time as the complaint. In

8

other words, (i) when a complaint is filed within ten days of the expiration of the limitations period, and (ii) if at the time of filing of that complaint, an allegation has been made (presumably as part of the complaint or in something that is filed not later than the complaint) that plaintiff was unable to obtain a certificate of merit to be filed with the complaint, then (iii) plaintiff automatically gets a thirty-day grace period within which to file the certificate of merit.

Since the third sentence of subsection (c) is in the same subsection—and, in fact, is the only thing left in the subsection, following immediately on the heels of the first two sentences and containing no language to the contrary—the third sentence must also refer to the same context—the filing of the complaint. It authorizes the trial court, on motion and a showing of good cause, to "extend such time as it shall determine justice requires." *Id*. Because of the context and structure of subsection (c), we conclude that "such time" refers to the thirty-day grace period referenced earlier in subsection (c).

To elaborate on our reasoning, the first sentence of subsection (c) gives plaintiffs an exception to the "contemporaneous filing requirement" if they have alleged the near-end-of-limitations time problem referenced above. The second sentence certainly connects to the first sentence by starting off with "[i]n such cases" and defining the thirty-day grace period. The third sentence, likewise, we believe, is connected to the first two by its use of "such time" that may be extended upon a showing of good cause. Therefore, the good-cause extension (extending the thirty-day grace period) may be awarded if a plaintiff (i) has qualified for the thirty-day grace period, and (ii) files a motion and convinces the trial court that there is good cause for the extension.

9

Here, the Owners failed to qualify for the thirty-day automatic grace period and, therefore, cannot qualify for the good-cause extension thereof.

Apex cites to cases suggesting the time-constraint allegation must be made in the first-filed pleading, while Owners believe they were not required to allege in their pleadings that the delay in obtaining a certificate of merit was caused by the time constraint. In support of their contention, Owners cite to *Epco Holdings, Inc. v. Chicago Bridge and Iron Co.*, a case where the plaintiff's petition was filed without a certificate of merit March 24, 2010, ten days before limitations expired. 352 S.W.3d 265, 268 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The petition failed to contain an allegation that a certificate of merit could not be timely obtained due to time constraints. *Id.* However, a certificate of merit was filed within thirty days after the original petition was filed, along with an amended petition claiming that the certificate could not be obtained because of the impending expiration of the limitations period. *Id.* The defendant filed a motion to dismiss because of failure to comply with Section 150.002 "pleading requirements." *Id.* The trial court dismissed the claims, and our sister court reversed the dismissal. *Id.*

While *Epco* held that Section 150.002 does not require the "allegation under subsection (c) to be made in the first-filed petition," and found that plaintiff complied with the "plain language and intent of the statute by filing a certificate of merit and making the subsection (c) allegation in an amended petition within thirty days of filing their original petition," Owners also suggest that *Epco* supports the theory that the allegation does not have to be filed before the thirty-day grace period expires. *Id.* at 269. *Epco* noted that the statute "does not expressly state

10

when, how, or in what form a plaintiff must make the allegation required by subsection (c)." *Id.* at 270.

Owners also cite to *WCM Group*, *Inc. v. Camponovo* for the suggestion that a delay in filing a certificate of merit can be excused if the delay is "'entirely reasonable' under the circumstances, and that the extension had served the interests of justice" where there is no prejudice suffered from the delay.[5]  305 S.W.3d 214.  In *Camponovo*, suit was filed February 29, 2008, less than ten days before the statute of limitations would expire.  *Id.* at 216.  On March 19, 2008, before the expiration of the thirty-day time period, WCM Group, Inc. (WCM) moved to dismiss the suit based on failure to contemporaneously file a certificate of merit.  *Id.*  On March 31, 2008, the Camponovos responded by filing a motion to extend the time to file a certificate of merit, alleging that the certificate could not be prepared due to time constraints.  *Id.* A certificate of merit was filed April 8, 2008.  *Id.* at 217.  At the hearing on the motion to dismiss, the Camponovos argued that, "although they did not file a certificate of merit within thirty days after filing suit, they did file a motion to extend time to file the certificate within

---

[5]Owners cited *WCM Group, Inc. v. Brown*, which held that good cause can be applied to subsection (a) cases.  305 S.W.3d 222 (Tex. App.—Corpus Christi 2009, pet. dism'd).  In that case, suit was filed February 15, 2008, eighteen days before the statute of limitations expired.  *Id.* at 224.  On March 20, 2008, WCM moved to dismiss the suit because a certificate of merit had not been filed with the lawsuit.  On March 28, 2008, the Browns' counsel filed an affidavit stating the failure to produce a certificate was due to his oversight.  *Id.*  The certificate, along with a motion for extension of time, was filed April 7.  *Id.* at 224–26.  The Browns alleged that the good-cause language could apply to extend the subsection (a) deadline, even though their claims were not filed within ten days of the expiration of the statute of limitations.  Our sister court agreed, stating, "There is nothing in subsection [(c)] that indicates the 'good cause' extension applied only when the limitations-type extension applies."  *Id.* at 230.  *Brown* is unique in its interpretation allowing the last sentence of subsection (c) to apply to subsection (a) cases.  *See Pakal Enters., Inc. v. Lesak Enters. LLC*, No. 01-09-01038-CV, 2011 WL 1598778 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, pet. denied); A*shkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01–09–00855–CV, 2010 WL 376076, at *3 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.).  Nonetheless, we need not apply its dicta to this subsection (c) case.

11

thirty days." *Id.* at 218.[6] This fact distinguishes *Camponovo*. Here, Owners did not, within thirty days after filing their complaint against Apex, make the time-constraint allegation or move to extend the time to file the certificate of merit. Thus, we are left with the question of whether Owners were required to do so.

While *Epco* rejected the contention that the time constraint allegation had to be made in the first-filed petition, the court in *Epco* wrote, "We neither imply nor hold that under the statute a plaintiff may invoke subsection (c) through any amended pleading filed at any time to extend the filing deadline beyond thirty days of filing their original petition." 352 S.W.3d at 270. This suggests that, while the allegation does not have to be "filed," the allegation must at least be made, within the thirty-day time period.

This interpretation was supported in *CH2M Hill Trigon*, *Inc. v. J7 Contractors*, *Inc.*, which explained:

> "The trial court may, on motion, after hearing and for good cause, extend *such time* as it shall determine justice requires." (emphasis added). However, the phrase "such time" refers to the 30 days given a plaintiff who has not complied with the contemporaneous filing requirement of subsection (a) because the limitation period for the filing of the suit expires within 10 days of the date of filing *and* because of that time constraint, a certificate of merit cannot be prepared and timely filed. In *those* cases, the trial court may grant an extension for good cause. [Plaintiff] has not alleged that it could not provide a certificate of merit because the limitation period for filing its suit would have expired within 10 days from the filing of the suit. Therefore, this "good cause" exception is not available to [Plaintiff].

No. 10-10-00058-CV, 2010 WL 3619898, at *9 (Tex. App.—Waco Sept. 15, 2010, no pet.) (mem. op.) (citation omitted).

---

[6] The Camponovos also argued good cause, claiming they filed the certificate within thirty days of learning that WCM was an engineering firm and that delay was caused due to their expert's family emergency. *Id.*

When construing Section 150.002, we are bound by rules of construction found in the Texas Government Code. *Epco*, 352 S.W.3d at 270 (citing TEX. GOV'T CODE ANN. §§ 311.002, 312.001 (West 2005)); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 1.002 (West 2002) (Chapter 311 of Texas Government Code applies to construction of this Code)). "In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the" object sought to be attained, circumstances under which the statute was enacted, and legislative history. TEX. GOV'T CODE ANN. § 311.023 (West 2005). "The 'apparent purpose' of the statute is to allow a court to determine whether certain claims have merit and to provide a vehicle for dismissal when claims lack merit." *Epco*, 352 S.W.3d at 272 (citing *Hardy v. Matter*, 350 S.W.3d 329, 334 (Tex. App.—San Antonio 2011, pet. dism'd). Enacted "as a part of a comprehensive tort reform bill," "Senate bill analysis of an amendment to the statute confirms the purpose of 'protecting engineers and architects from frivolous lawsuits.'" *Id.* (citing Senate Comm. on State Affairs 1, Bill Analysis, Tex. H.B. 854, 79th Leg., R.S. (2005)).

With this general purpose in mind, we must determine the Legislature's intent when including the good-cause language in Section 150.002(c). "[L]egislative intent should be determined from the entire act, and not simply from isolated portions. Therefore, we must read the statute as a whole and interpret it to give effect to every part." *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (citations omitted). We read words and phrases in context and construe them according to their ordinary meaning or common usage unless (1) the words have acquired a technical or particular meaning through legislative definition or otherwise, or (2) the words are connected with a particular trade or subject matter or are terms of art with a particular meaning.

13

TEX. GOV'T CODE ANN. § 311.011 (West 2005); *Natex*, 326 S.W.3d at 733 n.3 (citing *Tex. Mut. Ins. Co. v. Sonic Sys. Int'l*, *Inc.*, 214 S.W.3d 469, 476 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). We presume every word of a statute was used for a purpose, and every word excluded from a statute was excluded for a purpose. *Id.* (citing *Cameron v. Terrell & Garrett*, *Inc.*, 618 S.W.2d 535, 540 (Tex. 1981); *Eastland v. Eastland*, 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). "[W]e should not adopt a construction that renders a statutory provision meaningless." *Epco*, 352 S.W.3d at 270.

Generally, the contemporaneous filing requirement is compulsory, and dismissal is mandated if the requirements of Section 150.002 are not met. *Capital One v. Carter Burgess*, *Inc.*, 344 S.W.3d 477, 480 (Tex. App.—Fort Worth 2011, no pet.). Subsection (c) creates an exception "where the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed . . . professional engineer, . . . could not be prepared." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c). "In such cases," meaning cases in which the requirements of the first sentence are met, "the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit." *Id.*

"The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires." *Id.* When reading the section as a whole, we find that the "such time" in this sentence, which references a period of time, modifies the thirty-day automatic grace period set out in the previous sentence, as opposed to the contemporaneous filing

14

requirement referenced in the first sentence.[7]  This reading comports with the "doctrine of last antecedent," which "states that a qualifying phrase in a statute or the Constitution must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied."  *Spradlin v. Jim Walter Homes*, *Inc.*, 34 S.W.3d 578, 580 (Tex. 2000).

Since the thirty-day grace period is available only "[i]n such cases" in which the limitations period requirement is met and the time constraint allegation is made, it follows that the time constraint allegation must be made at least before the expiration of thirty days after the petition is filed[8] in order to qualify for the automatic extension.  Otherwise, the contemporaneous filing requirement is not excused.  If additional time is required, the trial court may extend the thirty-day grace period "on motion, after hearing and for good cause."  TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c).  Apex suggests that, because Owners did not qualify for the thirty-day grace period by timely alleging inability to comply, then the trial court may not extend "such time."

We hold that, where a defendant fails to make the time-constraint allegation on a timely basis and, thus, fails to qualify for the thirty-day grace period, a defendant's motion to dismiss filed after the expiration of the automatic thirty-day grace period must be granted.  TEX. CIV. PRAC. & REM. CODE ANN. §150.002(e); *see CH2M Hill Trigon, Inc.*, 2010 WL 3619898, at *7;

---

[7]If the good-cause exception was meant to be a stand-alone provision, the Legislature could have easily included it in a separate subsection.

[8]While we believe the better reading of the statutory language would require that the plaintiff "has alleged" the time problem at or before filing the complaint, we need not decide that in this case.  That is because, here, the Owners failed to make such allegation before the expiration of the thirty-day grace period.

*Epco*, 352 S.W.3d at 270; *Ashkar Eng'g Corp.*, 2010 WL 376076, at *3; *Capital One*, 344 S.W.3d at 480. A reading of this statute to the contrary would run counter to the statutory language and would allow an extension of time to file the certificate of merit for good cause without regard to the passage of time between the filing of the complaint, even when no time constraint allegation was made. This could allow a plaintiff to wait months, or even years, after filing a petition to produce the certificate or come forth with claims of good cause. When this statute is read as a whole with its purpose in mind, one can conclude only that such an interpretation would thwart the Legislature's intent.

Here, the thirty-day grace period referenced in Section 105.002(c) expired May 25, 2011, without the filing of a certificate of merit or any allegation that such a certificate could not be prepared on a timely basis due to time constraints. There was also no motion for extension of time within that time period. On May 31, 2011, Apex pointed out that "Third-Party Plaintiffs have failed to file an affidavit with their petition regarding their claims against Apex, as required by § 150.002." The Owners still did not respond. On July 11, 2011, Apex filed a motion to dismiss the third-party claims. As of that date, Apex was entitled to dismissal of the claims under subsection (e). TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e). The first response came from the Owners July 26, 2011, well after the deficiency was pointed out by Apex and two months after the expiration of the thirty-day grace period. Given these facts, we find the trial court erred in allowing an extension of the time to file the required certificate of merit.

16

We sustain Apex's dispositive point of error. We reverse the trial court's order and remand the matter for disposition in accordance with this opinion.


Josh R. Morriss, III
Chief Justice


DISSENTING OPINION

(1)    "In any action . . . the plaintiff shall be required to file *with the complaint* an affidavit . . . ."

(2)    "The trial court may, on motion, after hearing and for *good cause, extend such time as it shall determine justice requires.*"

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (c) (West 2011) (emphasis added).

The literal language of the statute authorizes the trial court to extend the time for filing the affidavit if it finds good cause exists to do so. The statute is silent about "when, how, or in what form a plaintiff must make the allegation required by subsection (c)." *Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 270 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The majority opinion holds that to apply for the discretionary extension, one must also show entitlement to the statute of limitations grace period. I do not believe the statute imposes that requirement.

First, the contemporaneous filing requirement does not apply when it is shown (1) statute of limitations for the suit will expire within ten days of filing the action and (2) because of that time restraint, such an affidavit could not be prepared. By proving these two conditions exist,

17

the plaintiff shall have thirty days to file the affidavit without any further court consideration or action. In reality, this is not an extension, but an exception to the contemporaneous filing requirement because of a specific, unusual factual situation. If these two qualifying facts exist, the trial court has no authority to insist on a contemporaneous filing.

The second exception differs in that it involves judgment and discretion by the trial court. It is truly an extension of time to file the certificate of merit ("the trial court may, on motion, after hearing and for good cause, *extend* such time . . ."). This extension requires the plaintiff to file a motion and request that a hearing be conducted and for the plaintiff to prove to the trial court that some "good cause" exists. If that is all accomplished, the trial court may extend the time for filing as justice requires. While the potential for an extension exists, the plaintiff has the burden to convince the trial court that good cause exists to grant it.

The Legislature recognized that it is not always possible to file the certificate of merit simultaneously when the statute of limitations is about to expire. In that instance, contemporaneous filing is not required. But to obtain the discretionary extension, the moving party must convince a trial court that a real good reason exists to extend it. Nothing in the statute dictates that it is necessary to complete all requirements of the statute of limitations exception when one is seeking a discretionary extension and is prepared to attempt to convince the trial court that he or she has good cause for it. *WCM Group, Inc. v. Brown*, 305 S.W.3d 222, 230 (Tex. App.—Corpus Christi 2009, pet. dism'd).

We are engrafting words into the statute to conclude that in order to obtain the discretionary extension based on good cause, "one must have alleged, on or before the date the claim is filed, that his or her claim qualifies for the automatic grace period."

For support, the majority opinion relies on a canon:  the "last antecedent rule."  The United States Supreme Court has said this rule, even when it leads to a sensible grammatical reading, does not compel such when another construction is more reasonable.  *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 330–31 (1993).   I believe the most reasonable construction is one that follows the actual words in the statute, rather than a construction requiring a ten-page attempt to connect the dots.

The majority appears to be concerned that unless its construction is adopted, parties may wait months or even years after filing the petition to come forth with claims of good cause.  While this is accurate in theory, in actual practice if the plaintiff does not file a certificate of merit,  just as it did in this case, the defendant will move for a dismissal and the plaintiff would be   required to prove its good cause or suffer dismissal.  We can rest assured this will not take months or years to accomplish.

I believe the Legislature entrusted the trial courts with making prudent decisions on the issue of "good cause" and extensions; we should not impede that process by a strained construction of the requirements of this statute.

I respectfully dissent.

                                        Jack Carter
                                        Justice

Date Submitted:     April 19, 2012
Date Decided:       June 19, 2012