

NUMBER 13-13-00206-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BHP ENGINEERING AND
CONSTRUCTION, L.P.,**                                                      **Appellant,**

**v.**

**HEIL CONSTRUCTION
MANAGEMENT, INC.,**                                                        **Appellee.**

---

### On appeal from the 28th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

This case involves chapter 150 of the Texas Civil Practice and Remedies Code.

By two issues, appellant, BHP Engineering & Construction, L.P. (BHP), contends the trial

court abused its discretion when it: (1) granted appellee, Heil Construction Management and Construction, L.P.'s (Heil's) request for extension of time to file a certificate of merit and (2) denied BHP's motion to dismiss. We affirm.

## I. BACKGROUND

U.S. Ecology owns and operates a hazardous waste facility in Robstown, Texas. U.S. Ecology contracted with Heil to serve as the general contractor for an expansion of their facility. The expansion sought to include a new stabilization building (the "Stab Building") which would house equipment that would convert hazardous waste into environmentally acceptable waste for disposal.

Heil issued a request for proposals for the mechanical and design engineering services required to construct the Stab Building. BHP submitted a proposal and ultimately received the contract. The project included designs for, among other things, a mechanical transfer system, a toxic dust collection system, a baghouse, a shredder drum-lift system, and a four-sided dust containment curtain system. The latter, the four-sided dust containment curtain system, became the subject of the underlying lawsuit.

Heil alleged that it discovered BHP incorrectly designed the dust containment curtain system on January 18, 2011. Heil claimed it was forced to re-design and replace the faulty containment system at its own cost in order to meet U.S. Ecology's strict construction deadline. As a result of this, Heil sued BHP on December 27, 2012 for negligence, breach of contract, and breach of express warranty for services. Even though Heil was suing BHP, an engineering firm, it did not file a certificate of merit as

2

required by chapter 150 of the Texas Civil Practices and Remedies Code. Chapter 150 requires a plaintiff to file an affidavit of a third-party licensed engineer practicing in the same area as defendant, setting forth specifically at least one negligent act, error, or omission which caused the alleged injury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011). The certificate should be served on the same day as the lawsuit. *Id.* However, some exceptions exist to this rule: (1) if the lawsuit is filed ten days before the statute of limitation, a party has an automatic extra 30 days to provide a certificate of merit and (2) when a trial court can grants an extension for good cause. *Id.* § 150.002(c). Heil filed its lawsuit 22 days before the statute of limitations on its claims expired.

On February 28, 2013, BHP filed a Motion to Dismiss against Heil for failing to file a certificate of merit. In response, Heil filed its Certificate of Merit with the trial court on March 15, 2013. Heil filed a Motion for Extension of Time to file its certificate of merit on the same day. In its motion, Heil asserted various reasons why it could not file the certificate of merit on the same day as its petition: (1) it did not engage an attorney until late 2012, and the statute of limitations on its claim was about to run in January 2013; (2) the initial engineer it wanted to engage was not qualified to render the certificate of merit, so it had to search for another one in short order; and (3) after filing suit in this case, its attorney of record had eye surgery and then immediately proceeded to trial in a different Texas county. Heil argued that BHP had asserted no prejudice in its motion to dismiss, and that "the case ha[d] been on file less than 90 days and that

[BHP had] been in the suit less than 45 days." It also stressed that the trial court had discretion in determining whether good cause existed.

In response, BHP reasserted that the certificate of merit was untimely—Heil's claim was not filed within 10 days of the statute of limitation, and its certificate was not filed within thirty days of the deadline. Instead, Heil's petition was filed 22 days before the statute's expiration and its certificate was served 78 days after the lawsuit was filed. BHP further argued that Heil failed to set forth valid reasons for a good cause extension. BHP also asserted that Heil's engineer, Jean-Paul Budinger, was unqualified to write the certificate of merit because he was a structural engineer and not a chemical engineer. Finally, BHP proclaimed that Budinger's certificate was insufficient because it was conclusory and lacked a factual basis.

The trial court granted Heil's motion for extension of time to file a certificate of merit and denied BHP's motion to dismiss. BHP appealed. *See id.* § 150.002(f) (West 2011) (providing that an order "denying a motion for dismissal is immediately appealable as an interlocutory order").

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A. Standard of Review

We review a trial court's decision to grant or deny a defendant's motion to dismiss under section 150.002 of the Texas Civil Practice and Remedies Code for abuse of discretion. *See WCM Group, Inc. v. Brown*, 305 S.W.3d 222, 229 (Tex. App.—Corpus Christi 2009, pet. dism'd); *Landreth v. Las Brisas Council of Co–Owners, Inc.,* 285 S.W. 3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.). A trial court abuses its

4

discretion by acting arbitrarily, unreasonably, or without considering guiding principles. *Downer v. Aquamarine Operators Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "A trial court has no discretion in determining what the law is or applying the law to the facts." *Landreth,* 285 S.W.3d at 496. A trial court does not abuse its discretion when it bases a decision on conflicting evidence—rather, a factual decision is an abuse of discretion only if there is no evidence to support the decision. *Whirlpool,* 251 S.W.3d at 102. "Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court does not demonstrate an abuse of discretion." *Landreth*, 285 S.W. 3d at 496.

**B.    Applicable Law**

The applicable version of section 150.002 provides as follows:

(a)   In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

   (1)   is competent to testify;

   (2)   holds the same professional license or registration as the defendant; and

   (3)   is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:

      (A)   knowledge;
      (B)   skill;
      (C)   experience;
      (D)   education;
      (E)   training; and
      (F)   practice.

5

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(d) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)-(d).

### III. DISCUSSION

### A. The Extension of Time

Heil set forth three reasons why it did not file the certificate of merit on the same day as its petition. First, Heil claimed that it did not engage an attorney until late 2012, and the statute of limitations on its claim against BHP would expire in January 2013. Second, the initial engineer Heil wanted to engage was not qualified to render the certificate of merit, so it had to search for another one quickly. Third, Heil's attorney had eye surgery in December 2012 and then immediately had another trial in a different Texas county shortly after filing suit in this case.

6

## 1. The Statute of Limitations Exception

It is undisputed that Heil did not file a certificate of merit when it filed its original petition on December 27, 2012. It is further undisputed that Heil filed its original petition more than ten days before the expiration of the limitations period; its lawsuit, in fact, was filed 22 days before the limitations period expired. Section 150.002(b)'s plain language provides for an automatic extension of 30 days to file the certificate of merit if the suit is filed within ten days of the expiration of the limitations period. *Id.* § 150.002(b). We agree with BHP that Heil was not entitled to this automatic exception. *Id.*

## 2. The Good Cause Exception

In the alternative, section 150.002 provides that "the trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires." *Id.* In *WCM Group, Inc. v. Brown*, we held that we would not

> limit the good cause extension to situations where the party files suit within ten days of the expiration of limitations, particularly given that the purpose of the statute is to provide a basis for the trial court to conclude that the plaintiff's claims have merit, not to dismiss meritorious claims on a procedural technicality. . . . Thus, the trial court was within its power, as provided by the statute, to consider and grant the [plaintiffs'] request for an extension of time upon a showing that good cause existed and justice requested an extension.

305 S.W.3d at 230 (internal citation omitted). BHP invites us to reconsider this analysis, and hold instead that the "good cause" extension only applies when a movant has filed their lawsuit within ten days of the statute of limitations. *See Apex Geoscience, Inc. v. Arden Texarkana*, 370 S.W.3d 14, 18–20 (Tex. App.—Texarkana 2012, pet. filed) (concluding that a movant is only entitled to a "good cause" extension when it meets the limitations requirement); *Pakal Enters., Inc. v. Leska Enters., LLC*, 369

7

S.W.3d 224 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (same). We decline this invitation and choose instead to follow our precedent that allows trial courts to determine, in their own discretion, if an extension is warranted. *Brown*, 305 S.W.3d at 230; *see also Apex*, 370 S.W.3d at 24 (Carter, J., dissenting) (holding that "the Legislature entrusted the trial courts with making prudent decisions on the issue of 'good cause'. . . .").

In its order granting the motion for extension of time, the trial court did not specify the ground upon which it based its motion to extend time. Instead, it just generally proclaimed that "Plaintiff Heil Construction Management, Inc.'s time to file its Certificate of Merit is extended to March 15, 2013." Heil offered two grounds to support that it had good cause to file a late certificate of merit: that its initial choice of an engineer was not qualified to render the certificate of merit;[1] and that its attorney had surgery and then immediately proceeded to trial, not giving him adequate time to engage an expert to provide the certificate.

BHP argued in the alternative that this case could be easily distinguished from our *Brown* case. They assert that, in *Brown*, the plaintiffs were unaware of the defendant's status as an engineering firm, whereas here, Heil specifically engaged BHP for its engineering services. They also argue that the plaintiffs in *Brown* were more prompt in

---

[1] In its Motion for Extension of Time, Heil indicated that it wanted to engage a former engineer from U.S. Ecology to provide its certificate of merit. However, once this engineer was located, Heil determined that he was not qualified to render the certificate. BHP, in its Reply, argued that attempting to engage a former U.S. Ecology engineer was inappropriate because the engineer was involved with the project and, thus, would not be a "third-party licensed engineer" as required by section 150.002(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011). We need not address this argument, however, as it was never presented to the trial court. *See* TEX. R. APP. P. 33.1.

8

providing a certificate of merit. However, because our standard of review is an abuse of discretion, we defer to the trial court's decision that either or both of Heil's proposed grounds constituted "good cause" for the certificate of merit to be filed late. *Landreth*, 285 S.W. 3d at 496; *see also WCM Group v. Camponovo*, 305 S.W.3d 214, 220–21 (Tex. App.—Corpus Christi 2009, pet. dism'd) (discussing "good cause" in the context of chapter 150 certificate of merit extensions). We will not conclude that a trial court has abused its discretion merely because it decided a matter in a different manner than we would have. *Landreth*, 285 S.W.3d at 496. As we held in *Brown*, "[t]he purpose of the [chapter 150] statute is to provide a basis for the trial court to conclude that the plaintiff's claims have merit, not to dismiss meritorious claims on a procedural technicality." 305 S.W.3d at 230. Here, we defer to the trial court's decision that Heil's claims have merit.

We overrule BHP's first issue.

## B. Denial of the Motion to Dismiss

By its second issue, BHP argues that the trial court abused its discretion in denying its motion to dismiss because: (1) the engineer that wrote Heil's certificate of merit, Jean-Paul Budinger, was not qualified to provide the certificate, and (2) the affidavit was conclusory.

### 1. The Licensed Engineer's Qualifications

Section 150.002(a)(3) directs us to look at the affiant's knowledge, skill, experience, education, training, and practice to determine if they are qualified to provide the certificate of merit. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)(3)(A)–(F). The affiant must hold the same professional license or registration as the defendant and be

9

knowledgeable in the same area of practice of the defendant. *See id.* §
150.002(a)(2)–(3).

Budinger's curriculum vitae establishes that he has a Bachelor of Architecture
(Engineering Option) from the University of Illinois-Champaign in Urbana, Illinois. He is
a "licensed professional engineer" in three states, including Texas, and a "registered
architect" in nine states, including Texas. In his thirty years of work experience, he has
designed multiple structures, including "complex hazardous material storage facilities."
Budinger claims he has expertise in "engineering design, failure analysis, construction
and facilities management and cause and origin of building component failures."

BHP contends that Budinger is not qualified to provide a certificate of merit in this
case because he is a structural engineer and not a chemical engineer. We disagree.
Chapter 150 "does not state that the affiant's knowledge must relate to the same, much
less the same specialty, area of practice," as BHP contends. *Dunham Eng'g, Inc. v.
Sherwin-Williams Co.*, 404 S.W.3d 785, 794 (Tex. App.—Houston [14th Dist.] no pet.).
"Indeed, section 150.002 'imposes no particular requirements or limitations as to how the
trial court ascertains whether the affiant possesses the requisite knowledge.'" *Id.*
(citing *M–E Engineers, Inc. v. City of Temple*, 365 S.W.3d 497, 503 (Tex. App.—Austin
2012, pet. denied)). Heil's claims against BHP involve the alleged defective design of
the Stab Building, which was intended to store and convert hazardous waste products.
Budinger, a licensed engineer and registered architect in Texas, has experience
designing hazardous material storage structures. His expertise also includes failure
analysis and determining the cause and origin of structure failure.

10

Budinger's "knowledge, skill, experience, education, training, and practice" demonstrate that he has knowledge "in the same area of practice of the defendant" in this case. *Id.* We hold that the trial court did not abuse its discretion in holding that Budinger was qualified to render a certificate of merit.

**2.    The Sufficiency of the Certificate of Merit**

We also disagree with BHP's assertion that Budinger's affidavit was conclusory or lacked a sufficient basis.   BHP complains that Budinger's assertions generally recited the allegations in Heil's original petition and failed to "state the manner or method in which [BHP's] designs were deficient."

Chapter 150 "does not define 'factual basis,' but the purpose of the certificate of merit 'is to provide a basis for the trial court to conclude that the plaintiff's claims are not frivolous.'" *Dunham Eng'g*, 404 S.W.3d at 795–96.   "The statute does not require the plaintiff to marshal all his evidence and does not foreclose the defendant from later challenging the sufficiency or admissibility of the plaintiff's evidence."   *Id.* at 796. "Because the core focus of section 150.002(b) is ascertaining and verifying the existence of errors or omissions in the professional services provided, it does not 'require that a certificate address operative facts other than the professional errors and omissions that are the focus of the statute.'"   *Id.*

In his affidavit, Budinger stated that BHP was negligent when it failed to provide proper engineering and designing of the mix pan dust collection system, overhead hoods, and curtains for the Stab Building.   In particular, Budinger claimed that BHP had a duty to meet U.S. Ecology and Heil's design specifications, and that the failure to do so

11

proximately damaged Heil. Because we conclude that these statements constitute a sufficient "factual basis" for Heil to assert negligence, breach of contract, and breach of express warranty claims against BHP, we hold that the trial court did not abuse its discretion when it determined that Budinger's affidavit was sufficient. The affidavit generally set forth the errors or omissions BHP committed "in providing advice, judgment, opinion, or a similar professional skill" for each of BHP's claims. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b). We overrule BHP's second issue.

## IV. CONCLUSION

Because we overruled both of BHP's issues, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
5th day of December, 2013.